946 F.2d 885
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re KINGSPORT FIRSTCORP, Debtor.
Sheila McGOUGH, Appellant,
and
Kingsport Firstcorp, Plaintiff,
v.
Ronald J. BRUCK, Defendant-Appellee.
 No. 90-3171.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 24, 1991.
Decided Oct. 18, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CA-90-403)
 Sheila McGough, appellant pro se.
 Howard J. Beck, Jr., Gentry, Locke, Rakes & Moore, Phillip D. Payne, IV, Woods, Rogers & Hazlegrove, Roanoke, Va., for appellee.
 W.D.Va.
 REMANDED.
 Before WILKINSON, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Sheila McGough, attorney for the debtor, appeals from the district court's order dismissing the debtor's appeal from an order of the bankruptcy court which, in part, awarded sanctions against McGough. An attorney wishing to appeal an order of sanctions must file a notice of appeal in her own name. Failure to do so deprives both the district court and this Court of jurisdiction to review the order. See May v. Houston Post Pension Plan, 898 F.2d 1068 (5th Cir.1990) (court of appeals has no jurisdiction over appeal of district court's award of Rule 11 sanctions against appellant's counsel where notice of appeal did not clearly name counsel as appealing party). Although McGough's notice of appeal from the district court's order is in her own name, her notice of appeal from the bankruptcy court's order is in her client's name alone.[1] However, included in her informal brief filed with this Court is a "Motion to Appeal Award of Attorneys Fees," purportedly filed with the district court but not reflected in its docket entries.
 
 
 2
 Because this motion may have been received by the district court before it received the record on appeal from the bankruptcy court, it is possible that the document may have been misplaced in the clerk's office. Therefore, this action is remanded pursuant to Fed.R.App.P. 10(e). On remand, the district court should determine whether this document was ever filed. We note that if this document was filed at the time indicated on the certificate of service, it would not have been untimely. Although the bankruptcy court filed its opinion on June 21, 1990, it did not enter the separate document required by Bankr.R. 9021 until August 22, 1990.[2] A notice of appeal filed between June 21 and August 22 (or 10 days thereafter) thus would be effective to confer appellate jurisdiction on the district court. See In re Brickyard, 735 F.2d 1154 (9th Cir.1984) (construing Bankr.R. 8002 in same manner as Fed.R.App.P. 4(a) in holding that a notice of appeal filed after the court ruled orally from the bench but prior to a written order was proper and timely). Accordingly, should the district court find that McGough's motion to appeal was filed within this period, it should reconsider its finding that the appeal was untimely. The record, as supplemented, should then be returned to this Court for further consideration of the appeal.[3]
 
 
 3
 REMANDED.
 
 
 
 [1]
 This case is distinguishable from a recent case before this Court in which we allowed an attorney to proceed on appeal where the notice of appeal was filed in the name of the client. In Miltier v. Downes, --- F.2d ----, No. 90-1119 (4th Cir. June 11, 1991), we held that there was "no risk of ambiguity or confusion" because the attorney was the only party adversely affected by the district court's ruling and because the order imposing sanctions against counsel was the only appealable judgment. Here, however, the bankruptcy court's order adversely affected both McGough and her client and the notice of appeal references both the sanctions order and that portion affecting her client
 
 
 [2]
 The Bankruptcy Rules adopt Fed.R.Civ.P. 58 which requires that every judgment be set forth on a separate document. Bankr.R. 9021. Where the lower court fails to comply with this requirement, the time for appeal technically never begins to run and an appeal may not be dismissed as untimely. Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978)
 
 
 [3]
 Bruck has filed a motion in this Court to dismiss this appeal due to McGough's failure to post an appeal bond. The file reflects a payment by Ms. McGough of the requested bond on January 28, 1991. Therefore, we deny the motion to dismiss