IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-8071

_____


ABELIA GARCIA, individually and as the
guardian for her brain damaged son Herman
Garcia and as the next friend for the minor
children of Herman Garcia, St., Marcos
Garcia and Herman Garcia, Jr.,

                    Plaintiffs-Appellants,

v.

MICHAEL A. WASH, Attorney, JACK PARKER,
of Nationswide Insurance Company,
JONATHON CLUCK, Attorney and Agent for
Jack Parker and Nationwide Insurance Company,
and NATION-WIDE MUTUAL INSURANCE COMPANY,
a/k/a Nationwide Insurance Company,

                    Defendants-Appellees,
                    Cross-Appellants,

and

PAUL DAVIS, Judge of the 200th Judicial
District,

                    Defendant-Appellee.

_____

Appeals from the United States District Court
for the Western District of Texas
_____

(April 27, 1994)

Before KING and SMITH, Circuit Judges, and KAZEN[*], District
Judge:

PER CURIAM:[**]

_____

[*]District Judge of the Southern District of Texas, sitting
by designation.

[**]Pursuant to Local Rule 47.5, the court has determined that
the non-precedential portions of this opinion should not be

Of the numerous issues raised by the appellants on appeal, only one has precedential value.

Plaintiff-Appellant Abelia Garcia, individually and as the guardian for her brain damaged son Herman Garcia and as the next friend for the minor children of Herman Garcia, Sr., Marcos Garcia and Herman Garcia, Jr., brings this appeal from a judgment rendered dismissing the plaintiffs' federal claims with prejudice and dismissing their pendent state law claims without prejudice. The Garcias' attorney, Erik C. Moebius ("Moebius"), appeals from the district court's award of sanctions against him for violations of Federal Rule of Civil Procedure 11 in the amount of $57,673.95.

*   *   *

**I.    Sanctions Against Moebius**

Several of the defendants assert that we do not have jurisdiction to entertain an appeal from the sanctions imposed upon Moebius because he was not formally named as a party in any of the notices of appeal. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 318 (1988) (holding that the failure to name a party in a notice of appeal constitutes a fatal defect in that it fails to confer jurisdiction over that party upon the court of appeals); May v. Houston Post Pension Plan, 898 F.2d 1068, 1070-71 (5th Cir. 1990) (Since notice of appeal did not name

published.  See also United States v. Wesley, 748 F.2d 962, 963 (5th Cir. 1984).

The places at which the published opinion omits parts of the lengthy unpublished opinion are indicated by asterisks.

2

appellant's attorney as an appealing party, court of appeals did not have jurisdiction to review award of sanctions against that attorney).  We note, however, that the Federal Rules of Appellate Procedure -- specifically Rule 3(c) upon which the court in Torres relied -- have recently been amended.  The language of, and advisory comments to, the amendments to Rule 3(c) indicate that their aim was to overrule Torres and its progeny.  See FED. R. APP. P. 3(c) ("An appeal will not be dismissed . . . for failure to name a party whose intent to appeal is otherwise clear from the notice."); see also Report of the Advisory Committee on the Federal Rules of Appellate Procedure (September 1992), reprinted in 147 F.R.D. 287, 335 (recognizing the throng of litigation following Torres and reciting that the new rule was designed "to prevent the loss of a right to appeal through inadvertent omission of a party's name . . . .").

Although the notices of appeal in this case were all filed prior to the December 1, 1993, effective date of the amendments, we have recently held that the amendments to Federal Rule of Appellate Procedure 4(a)(4) are to be given retroactive effect. See Burt v. Ware, 14 F.3d 256, 260 (5th Cir. 1994).  Highly relevant to our decision in Burt v. Ware to apply the rule retroactively was the fact that the amendments to Rule 4(a)(4) were designed to remedy the exact procedural default problem presented.  Id.; see also Skoczylas v. Federal Bureau of Prisons, 961 F.2d 543, 545-46 (5th Cir. 1992).  Similarly, Rule 3(c) was amended to prevent the loss of appellate rights where, as here,

3

an intended party to an appeal fails to be named specifically. Moreover, the order from the Supreme Court adopting the amended rules provides "[t]hat the foregoing amendments . . . shall govern all proceedings in appellate cases . . . commenced [after the effective date of the amendments] and, **insofar as just and practicable**, all proceedings in appellate cases then pending." 61 U.S.L.W. 4395 (U.S. Apr. 27, 1993) (emphasis added). We hold that it is "just and practicable" to apply the amendments to Rule 3(c) retroactively. See, e.g., Hoeffler v. Tahoe, 1994 WL 28354 at **2 (9th Cir. Jan. 31, 1994) (unpublished opinion) (allowing an attorney to appeal from a sanctions order entered against him even though he was not named as a party by retroactive application of amended Rule 3(c)). But cf. Brooks v. Celeste, 16 F.3d 104, 108 (6th Cir. 1994) (declining to address the applicability of amended rule 3(c) because the amendments were not in effect at the time the notice of appeal was filed nor when the case was submitted for decision).

Applying the amended Rule 3(c) in this case, we find that Moebius has sufficiently evidenced his intent to appeal the sanctions order against him within the four corners of at least one of the notices of appeal in this case. In two of the several notices of appeal filed by Moebius, he specifically notices this court -- as well as the other parties -- of his intent to appeal both the final judgment (in which sanctions were assessed against him individually) and the district court's "refusal to stay the execution of the $60,000 sanction against [the Garcias']

4

attorney, Erik Moebius."  We find that these references are sufficiently clear to show Moebius' intent to appeal the sanction order and thus to confer jurisdiction over that asserted error. See FED. R. APP. P. 3(c) comments, reprinted in 147 F.R.D. at 335-36 ("The test established by the rule for determining whether [a] designation[] [is] sufficient is whether it is objectively clear that a party intended to appeal.").  Thus we conclude that we have jurisdiction over Moebius' challenge to the sanctions order.

* * *

For the reasons discussed in the unpublished opinion, we affirm the judgment of the district court.

AFFIRMED.