39 F.3d 1182
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reginald C. STREET, Plaintiff-Appellant,
v.
CITY OF DEARBORN HEIGHTS, MICHIGAN and Mitchell Botcher,
Defendants-Appellees
 No. 93-1374.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1994.
 
 Before: BOGGS and SILER, Circuit Judges; and HOLSCHUH, Chief District Judge*.
 PER CURIAM:
 
 
 1
 This is an appeal from the imposition of Rule 11 sanctions against counsel for plaintiff in this 42 U.S.C. Sec. 1983 civil rights case. For the reasons set forth below, we vacate the district court's order imposing sanctions.
 
 I.
 
 2
 On June 23, 1992, Reginald Street filed a complaint in the Wayne County Circuit Court, Detroit, Michigan, arising from the arrest of Street by Dearborn Heights police officers on May 2, 1992. The complaint contained claims entitled "Assault and Battery," "Excessive Force--42 U.S.C. Sec. 1983," "Negligent Hiring and Training--42 U.S.C. Sec. 1983," "Gross Negligence" and "Intentional Infliction of Emotional Distress and the Tort of Outrage." Based upon plaintiff's constitutional claims under 42 U.S.C. Sec. 1983, defendants, the City of Dearborn Heights (city) and Michael Botcher, a police officer, on July 7, 1992, removed the action to the United States District Court for the Eastern District of Michigan, Southern Division. On the same date defendants filed a motion under Fed.R.Civ.P. 12(f) to strike certain allegations from the complaint as being immaterial, impertinent and scandalous. On the following day, July 8, 1992, defendant city filed its answer in which the city denied the allegations of the complaint and set forth certain affirmative defenses, including the failure of the complaint to state a claim against the city in that it failed to allege any specific custom, policy, practice or procedure which gave rise to a constitutional deprivation under 42 U.S.C. Sec. 1983.
 
 
 3
 On July 22, 1992, counsel for the parties had a conversation regarding the case, and what occurred during that conversation is sharply disputed. According to the attorney for the city, plaintiff's attorney indicated that he would dismiss the plaintiff's section 1983 claims against the city with prejudice. (Appellees' brief, p. 2.) According to an attorney for the plaintiff, he agreed in that conversation to stipulate to a dismissal of all federal claims without prejudice and to the remand of the case to the Wayne County Circuit Court. He contends that the attorney for the city subsequently insisted that plaintiff dismiss his section 1983 claims with prejudice. (Appellant's brief, p. 1.)
 
 
 4
 There apparently being no agreement as to whether the dismissal of plaintiff's federal claims should be with prejudice or without prejudice, plaintiff, on July 24, 1992, filed a motion under Fed.R.Civ.P. 15(a) to amend his complaint to delete the claims under 42 U.S.C. Sec. 1983, and on the same day filed a motion to remand the case to the state court on the assumption that the motion to amend the complaint by dropping the federal claims would be granted and the basis for federal court jurisdiction would no longer exist. On July 29, 1992, defendant city filed a memorandum opposing the plaintiff's motion to amend the complaint, contending that plaintiff's attorney had proposed a dismissal of these claims with prejudice, had withdrawn that offer, and was attempting to circumvent Fed.R.Civ.P. 41, which prevents dismissal of an action by a plaintiff after an answer has been filed except upon such terms and conditions as the court deems proper. The city requested that plaintiff's motion to amend be denied and that the court, instead, order dismissal of plaintiff's federal claims "upon such terms and conditions as determined appropriate by the Court pursuant to Federal Rule of Civil Procedure 41." J.A. at 88.
 
 
 5
 Two days later, on July 31, 1992, the city filed a "Motion for Partial Summary Judgment" in which it sought summary judgment on all of plaintiff's claims against the city on the grounds that the complaint failed to allege any specific unconstitutional custom or practice of the city as required to state a claim under 42 U.S.C. Sec. 1983 and that plaintiff's state law claims against the city were barred by governmental immunity under M.C.L.A. 691.1407[1]. On the same date, the city filed a "Motion for Sanctions" under Fed.R.Civ.P. 11 asking for an award of attorney fees and costs. The city argued, with respect to plaintiff's section 1983 claims, that plaintiff had made only conclusory statements regarding any policy or practice of the city and that this was not sufficient under Chapman v. City of Detroit, 808 F.2d 459 (6th Cir.1986).[2] With respect to plaintiff's state law claims, the city again argued governmental immunity. The city contended that sanctions should be awarded against the "Plaintiff, his attorney, or both" on the ground that "no reasonable inquiry was made into either the law or the facts in this case to support the allegations set forth in Plaintiff's complaint against Defendants." J.A. at 113.
 
 
 6
 Plaintiff's response to the motion for summary judgment pointed out the pending motions to amend the complaint and to remand the case to the state court, arguing that defendant's motion for summary judgment should be considered by the state court on remand. Plaintiff also addressed the merits of defendant's motion for summary judgment, and with respect to his section 1983 claims plaintiff contended that they were properly alleged and that further specificity was not required under Fed.R.Civ.P. 8(a). Plaintiff also brought to the Court's attention the fact that discovery had just begun. Plaintiff also responded to defendant's arguments regarding his other claims in the complaint.
 
 
 7
 Plaintiff also vigorously opposed the motion for sanctions, contending that there was no basis for the imposition of sanctions in this case.
 
 
 8
 On September 8, 1992, the trial court entered the following order in this case:
 
 ORDER
 
 9
 This matter was before the court on a number of interrelated motions, including plaintiff's motion to remand this case to the Wayne County Circuit Court, which is premised upon plaintiff's pending motion to amend his complaint to delete his federal claims. During a telephone conference on these motions, counsel for the plaintiff agreed to the dismissal of his federal claims with prejudice.
 
 
 10
 The defendant maintains that the plaintiff previously agreed to this result and then changed his position necessitating the filing of numerous pleadings by defendant. Thus, counsel for the defendant made an oral motion for costs pursuant to Fed.R.Civ.P. 41 as an alternative to this court's consideration of defendant's earlier motion for sanctions filed pursuant to Rule 11.
 
 
 11
 We have concluded that defendant is entitled to costs but he must move separately and attach appropriate documentation to support the costs alleged;
 
 
 12
 NOW, THEREFORE, IT IS ORDERED that plaintiff's claims under 42 U.S.C. Sec. 1983 are DISMISSED with prejudice;
 
 
 13
 IT IS FURTHER ORDERED that defendant submit a separate motion for costs incurred as a result of plaintiff's changed position with respect to dismissal of his federal claims. Said motion must be supported by appropriate documentation.[3]
 
 
 14
 Pursuant to the Court's order, the city, on October 14, 1992, filed its "Motion for Costs." The sole basis for the motion was the alleged agreement by plaintiff's counsel to dismiss the federal claims with prejudice and his subsequent filing of a motion to dismiss the federal claims without prejudice. J.A. at 151-153. Attached to the motion was documentation which the city contended supported its allegation that plaintiff's counsel did in fact make the disputed oral agreement. The schedule of costs and attorney fees attached to the motion included costs and fees incurred after receipt of plaintiff's motion to amend, the vast bulk of the time consisting of the preparation of a response to that motion, preparation of the motions for summary judgment and for sanctions, reviewing plaintiff counsel's responses, and the preparation of defendant's reply brief.[4]
 
 
 15
 Plaintiff's counsel opposed the motion for costs, pointing out that the city's oral motion for costs under Fed.R.Civ.P. 41 had no merit, because the language of that rule did not apply to the facts and circumstances of this case.[5] With regard to the alleged agreement to dismiss the federal claims with prejudice, plaintiff's counsel argued that, "the fact that there may have been some discussions between counsel in terms of disposing of a claim does not trigger this rule (Rule 41) where there was no prior dismissal." J.A. at 166.
 
 
 16
 Although the Court in its order of September 8, 1992 referred to the city's "oral motion for costs pursuant to Fed.R.Civ.P. 41" and directed the filing of "a separate motion for costs incurred as a result of plaintiff's changed position with respect to dismissal of his federal claims," and although the city in its motion for costs, consistent with that order, based its motion on the alleged change of position by plaintiff's counsel, the trial court on January 11, 1993 issued an order imposing sanctions on plaintiff's counsel for a violation of Fed.R.Civ.P. 11.[6] The Court acknowledged that Rule 41 was not applicable and that sanctions were not being imposed under Rule 15. J.A. at 20. The basis for the sanctions was the claimed failure by plaintiff to plead with particularity the factual bases of the alleged constitutional violations under 42 U.S.C. Sec. 1983 and the failure "to cure his deficient pleading by filing an offer of proof, affidavit or an amended complaint that sets forth factual support for plaintiff's allegations" in response to the city's motion for summary judgment. J.A. at 21-22. The court relied heavily on this court's decision in Chapman v. Detroit, 808 F.2d 459 (6th Cir.1986), and quoted from that decision as follows:
 
 
 17
 Plaintiffs who fail to allege any specific facts to support a claim of unconstitutional motive cannot expect to involve Government actors in protracted discovery and trial. On receipt of such a complaint, Government defendants might move for dismissal or, alternatively, for summary judgment. Then plaintiffs must produce some factual support for their claim to avert dismissal.
 
 
 18
 Id. at 465; J.A. at 21 (emphasis added by the trial court).
 
 
 19
 The trial court concluded: "... it is apparent from plaintiff's arguments that his failure to meet the pleading requirements of Chapman occurred because his attorneys violated the reasonable inquiry requirement of Rule 11. Plaintiff's attorneys are completely unaware of this established Sixth Circuit requirement. Had they researched this issue, an inquiry into the facts of the matter might have well been directed toward the fact-specific pleading requirement they should have met." J.A. at 23.
 
 
 20
 The trial court granted "defendants' motion for costs" and ordered that plaintiff's attorneys pay defendant city $1,090.00.
 
 
 21
 On January 21, 1993, plaintiff's attorneys filed a motion for reconsideration of the Court's order, pointing out that the complaint had been filed in state court, removed by defendants to the federal court, remanded back to the state court on plaintiff's own motion, and that the Court should not have sanctioned plaintiff's counsel for failing to meet the pleading requirements of Chapman. Counsel argued that Rule 11 sanctions are not properly imposed for the filing of a complaint when the complaint was properly filed in state court and then removed by the defendant to the federal court, citing, among other cases, this Court's decision in In re Summers, 863 F.2d 20 (6th Cir.1988).[7]
 
 
 22
 On February 5, 1993, the trial court denied the motion of plaintiff's attorneys for reconsideration. In that order and in response to the motion for reconsideration, the court now took the position that sanctions had not been imposed because of the deficiencies in plaintiff's state court complaint. The new basis for the sanctions was plaintiff's response to the defendants' motion for summary judgment. To support this position, the court referred to its earlier order in which the court, after quoting from Chapman, as set forth above, said:
 
 
 23
 When the City filed an appropriate challenge to Street's action, Street responded that "at this stage of the proceedings, all that is necessary is that the Defendant be put on notice as to the claim." Street completely failed to cure his deficient pleading by filing some offer of proof, affidavit or the like.
 
 
 24
 J.A. at 26.
 
 
 25
 The court, in short, made it clear that the plaintiff's response to defendants' motion for summary judgment was inadequate to overcome the defendants' summary judgment motion under the language of Chapman, and that it was for this reason that he imposed sanctions on plaintiff's attorneys. The district court explained that the earlier discussion concerning the deficiencies of the complaint was simply "an overview ... to establish the need to plead specific facts in response to the motion for summary judgment." J.A. at 27.
 
 
 26
 A timely notice of appeal was filed on March 8, 1993, appealing from the order denying the motion for reconsideration.
 
 II.
 
 27
 The city contends that this Court lacks jurisdiction to consider the appeal due to a defect in the notice of appeal. Because the notice of appeal states that plaintiff is the appellant, and the order appealed from concerns sanctions imposed only on plaintiff's attorneys and not on plaintiff himself, it is contended that the failure to name the attorneys as appellants in the notice of appeal deprives this Court of jurisdiction. This argument is based on that part of Fed.R.App.P. 3(c) which requires that the notice of appeal "shall specify the party or parties taking the appeal" and on decisions that have applied this requirement to cases involving sanctions imposed on attorneys. Those decisions have their origin in the Supreme Court's decision in Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988).
 
 
 28
 In Torres, the Supreme Court resolved a conflict in the circuits over whether a failure to file a notice of appeal in accordance with the specificity requirement of Fed.R.App.P. 3(c) presented a jurisdictional bar to the appeal. In that case, Jose Torres was one of sixteen plaintiffs who had intervened in an employment discrimination suit. When the complaint was dismissed by the district court, a notice of appeal was filed, but, due to a clerical error by an attorney's secretary, Torres was not listed among the names of the appellants. Although the court of appeals reversed the decision of the district court, on remand summary judgment was rendered against Torres by virtue of the failure to name him in the notice of appeal. The Supreme Court held that this was proper, because the requirement of Rule 3(c) is jurisdictional. The Court noted that Torres "did not file the functional equivalent of a notice of appeal; he was never named or otherwise designated, however inartfully, in the notice of appeal filed by the 15 other intervenors." Id. at 317. The Court concluded that, "The specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal." Id. at 318.
 
 
 29
 Although an attorney is obviously not a party to an action, and Rule 3(c) requires that the notice of appeal specify "the party or parties taking the appeal," a number of courts have applied Torres to require that in an appeal from an order imposing sanctions against an attorney, the attorney must be named in the notice of appeal, and if not so named the appellate court has no jurisdiction to hear the appeal. See, e.g., DeLuca v. Long Island Lighting Co., Inc., 862 F.2d 427 (2d Cir.1988); Federal Trade Commission v. Amy Travel Service, Inc., 875 F.2d 564 (7th Cir.1989); C. May v. The Houston Post Pension Plan, 898 F.2d 1068 (5th Cir.1990).
 
 
 30
 In response to the Torres decision and, in the words of the Advisory Committee on Rules, "to reduce the amount of satellite litigation spawned by the Supreme Court's decision in Torres," Rule 3(c) was amended, effective December 1, 1993, and now reads, in part, as follows:
 
 
 31
 A notice of appeal must specify the party or parties taking the appeal by naming each appellant in either the caption or the body of the notice of appeal....
 
 
 32
 An appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.[8]
 
 The Advisory Committee's note states that:
 
 33
 The test established by the rule for determining whether such designations are sufficient is whether it is objectively clear that the party intended to appeal....
 
 
 34
 ....
 
 
 35
 Finally, the rule makes it clear that dismissal of an appeal should not occur when it is otherwise clear from the notice that the party intended to appeal. If a court determines it is objectively clear that a party intended to appeal, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward.
 
 
 36
 The notice of appeal filed in this case was in the following form:
 
 UNITED STATES DISTRICT COURT
 EASTERN DISTRICT OF MICHIGAN
 
 37
 Reginald C. Street, Plaintiff-Appellant,
 
 
 38
 v
 
 
 39
 City of Dearborn Heights, and Michael Botcher, Jointly and
 
 
 40
 Severally, Defendants-Appellees.
 
 Michael Alan Schwartz, P-30938
 Geoffrey N. Fieger, P-30441
 Dennis M. Fuller P-40666
 
 41
 Fieger, Fieger & Schwartz, P.C.
 
 Attorneys for Plaintiff
 19390 West Ten Mile Road
 Southfield, Michigan 48075-2463
 
 42
 (313) 355-5555
 
 NOTICE OF APPEAL
 Case No. 92-CV-73856-DT
 Hon. Robert E. DeMascio
 
 43
 Notice is hereby given that Reginald C. Street, Plaintiff above named, hereby appeals to the United States Court of Appeals for the Sixth Circuit from the order denying Plaintiff's Motion for Reconsideration of the court's order imposing sanctions under Fed.R.Civ.P. 11, entered on February 5, 1993.
 
 DATED: March 8, 1993
 
 44
 FIEGER, FIEGER & SCHWARTZ, P.C.
 
 MICHAEL ALAN SCHWARTZ P-30938
 Geoffrey N. Fieger P-30441
 Dennis M. Fuller P-40666
 Attorney for Plaintiff
 19390 West Ten Mile Road
 Southfield, MI 48075
 
 45
 (313) 355-5555
 
 
 46
 It is obvious on the face of the notice of appeal that the appeal is from the order imposing sanctions, and equally obvious to the appellees that the order appealed from imposed those sanctions on plaintiff's counsel and not on the plaintiff.[9] When it is readily apparent to the appellees from the notice of appeal that plaintiff's attorneys are attempting to appeal an order issued against them, it would be an exaltation of form over substance to deprive this court of jurisdiction because the attorneys' names do not appear in addition to their client in the formal caption or body of the notice. The 1993 amendments to Rule 3(c) are intended to ameliorate the harshness with which some courts applied Torres, and it is objectively clear in the present case that plaintiff's attorneys intended to appeal the sanction imposed on them. In the words of the Advisory Committee, "there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward." We turn, then, to the merits of the appeal.
 
 III.
 
 47
 The version of Fed.R.Civ.P. 11 in effect at the time the district court awarded sanctions stated, in relevant part:
 
 
 48
 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.[10]
 
 
 49
 The imposition of sanctions under Rule 11 is committed to the discretion of the trial court. Cooter & Gell v. Hartmarx, 496 U.S. 384, 405 (1990). Accordingly, we may overturn an award of sanctions only for an abuse of discretion. Id.; INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391 (6th Cir.), cert. denied, 484 U.S. 927 (1987).
 
 
 50
 In this case, we conclude that for the following reasons the imposition of sanctions on plaintiff's counsel under Rule 11 was an abuse of discretion.
 
 
 51
 First, as the district court made clear in the order February 5, 1993 denying counsel's motion for reconsideration, the court did not intend to impose sanctions against plaintiff's attorneys because of any alleged deficiency in the complaint filed in state court. Instead, the sole basis for the imposition of sanctions was the response by plaintiff's attorneys to the city's motion for summary judgment, a response deemed by the district court to be inadequate. As the court said in the February 5, 1993 order, in explaining the basis for the imposition of sanctions:
 
 
 52
 When the City filed an appropriate challenge to Street's action, Street responded that "at this stage of the proceedings, all that is necessary is that the Defendant be put on notice as to the claim." Street completely failed to cure his deficient pleading by filing some offer of proof, affidavit or the like.
 
 
 53
 Rule 11, however, applies only to the filing of a "pleading, motion, or other paper" and not to a failure to produce "some offer of proof, affidavit or the like." Furthermore, no action of any kind was taken on the defendant's summary judgment motion. It was not granted as a result of the failure of plaintiff's counsel to adequately respond, nor was it denied. It was never ruled on, because it became moot by plaintiff's subsequent agreement with the court to dismiss plaintiff's federal claims with prejudice in order to have the case remanded to the state court.
 
 
 54
 Second, the defendant's summary judgment motion was filed after an alleged agreement with defense counsel to dismiss the federal claims with prejudice was not consummated and plaintiff moved to amend his complaint. The district court did not base the sanctions on any finding of a breach of the alleged agreement by plaintiff's counsel, but, as noted above, it was based on plaintiff's counsel's response to the summary judgment motion. The city, of course, had every right to file the summary judgment motion and to test the sufficiency of plaintiff's case. Plaintiff's counsel, however, did nothing improper to require defendant to file the summary judgment motion, and yet the vast bulk of the award of attorneys fees and costs against plaintiff's counsel is based on the time spent in preparation of that motion for summary judgment and the motion for sanctions. The award, in short, was not based on fees and expenses incurred as a result of the alleged Rule 11 violation--the claimed inadequate response to the motion--but was based on fees and expenses incurred as a result of defendant's filing of a motion for summary judgment in the first instance.
 
 
 55
 Third, the district court's belief that Rule 11 sanctions should be applied when plaintiff's attorneys failed to produce "some offer of proof, affidavit or the like" in response to the city's motion for summary judgment is not legally supportable. As the court said in Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 95 (3d Cir.1988):
 
 
 56
 A requirement that counsel, before filing a complaint, secure the type of proof necessary to withstand a motion for summary judgment would set a pre-filing standard beyond that contemplated by Rule 11.
 
 
 57
 The district court assumed that plaintiff's attorneys were unaware of this court's decision in Chapman concerning the need to set forth specific facts in support of a claim of constitutional violations in a section 1983 complaint or face the consequences of a motion to dismiss or a motion for summary judgment. Even if that assumption is a valid one, plaintiff's counsel's argument in their response to the alleged insufficiency of the complaint is hardly an illegitimate argument. They argued, in part, that, "at this stage of the proceedings, all that is necessary is that the Defendant be put on notice as to the claim. It is not necessary that the claim be pleaded with specificity, because fraud is not alleged in this complaint. Cf. FRCP 9." The district court took umbrage with this argument and relied upon it in his decision to impose sanctions. Yet, plaintiff's counsel's argument was the one adopted by the Supreme Court in Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, --- U.S. ----, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) in which the Court struck down a "heightened pleading standard" that had been required by some courts in section 1983 cases. Part of the Court's reasoning was that such a standard cannot be applied in the face of the liberal system of "notice pleading" set up by the federal rules, and the Court pointed out that only in Rule 9 is there imposed a particularity requirement. While Leatherman was decided one month after the district court's denial of the motion for reconsideration on February 5, 1993 and obviously had no effect on that decision, it does demonstrate that the response to the motion for summary judgment, with respect to the alleged deficiencies of the complaint, was not without some merit. It clearly did not warrant the imposition of Rule 11 sanctions.
 
 IV.
 
 58
 For the above reasons, the January 11, 1993 order of the district court imposing sanctions is hereby vacated.
 
 
 
 *
 Honorable John D. Holschuh, Chief United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 M.C.L.A. 691.1407 provides in part:
 Except as otherwise provided in this act, all governmental agencies shall be immune from tort liability in all cases wherein the governmental agency is engaged in the exercise or discharge of a governmental function.
 
 
 [2]
 Plaintiff's complaint alleged that the constitutional violations were "pursuant to governmental custom and practice." (J.A. at 9.)
 
 
 [3]
 The circumstances which led to a voluntary dismissal of the federal claims with prejudice were described by the trial court in a footnote in the subsequent order of January 11, 1993 dealing with sanctions. The Court referred to a motion by the city for a gag order due to plaintiff and his attorneys allegedly attempting "to sensationalize the incident as a Rodney King incident." The Court believed that "The City's concern was and is well founded."
 Given the importance and impact of the Rodney King incident, Street's public discussions of his own case in those terms could well predispose potential jurors against the City. In these circumstances, dismissing the federal claims without prejudice so that they could be raised again after plaintiff has a prolonged opportunity to publicize his version of events in the context of proceedings in Wayne County, would only serve to exacerbate the deleterious effect of plaintiff's exercise of his first amendment rights. Therefore, this court expressed its intention to grant the motion on the condition the federal claims be dismissed with prejudice.
 (J.A. at 18-19.)
 
 
 [4]
 This work was approximately 80% of the hours subsequently allowed by the Court in the award of fees and costs
 
 
 [5]
 Rule 41 deals only with dismissals of actions, and plaintiff never sought to dismiss his action
 
 
 [6]
 The Court on the same date issued an order remanding plaintiff's state claims to the Wayne County Circuit Court. J.A. at 3
 
 
 [7]
 The court in Summers noted that the circuits that have considered the question "have uniformly concluded that where a complaint is properly filed in state court and then removed to federal court, it is inappropriate for the federal court to apply Rule 11 sanctions for the filing of that complaint." Summers, 863 F.2d at 21
 
 
 [8]
 Appellees agreed at oral argument that amended Rule 3(c) is applicable in this case, even though the notice of appeal was filed on March 8, 1993 prior to December 1, 1993, the effective date of the amendment
 
 
 [9]
 While the appeal is from the district court's order of February 5, 1993 denying the motion for reconsideration, the appeal brings to this Court the district court's order of January 11, 1993, imposing sanctions on plaintiff's attorneys. Matter of Grabill Corp., 983 F.2d 773 (7th Cir.1993). The city does not contend otherwise
 
 
 [10]
 Rule 11 was also amended effective December 1, 1993. The amendments are not relevant to the issues currently before this Court