45 F.3d 430
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John HEHEMANN, Plaintiff-Appellant;
Jennifer C. Young Hehemann, Plaintiff,
v.
CITY OF CINCINNATI, et al., Defendants;
Swallen's, Inc., Defendant-Appellee.
 No. 93-3766.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1994.
 
 Before: JONES and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 Counsel for plaintiff John Hehemann appeals the district court's imposition of Rule 11 sanctions against her for naming as a defendant in this action Swallen's, Inc. without an objectively reasonable basis in fact to believe Swallen's participated in a conspiracy to deprive Mr. Hehemann of his civil rights. We affirm.
 
 
 2
 * In March 1991, the Cincinnati Police Department conducted an internal investigation of several police officers suspected of knowingly purchasing lumber from Swallen's, Inc. below the list or sale price. After the police investigators alerted him to the reported thefts, Frank Rhodes, Swallen's' Director of Corporate Security, confronted employee Dennis Westfelt, who admitted, in the presence of the police, that he had sold lumber to Hehemann and others at reduced prices without authorization and had accepted from Hehemann a $50.00 gratuity. The police asked Rhodes to notify the police department if Hehemann or any other police officer attempted to pick up building materials purchased from Westfelt. Rhodes agreed to do so.
 
 
 3
 In April, Rhodes twice notified the Cincinnati police department that Cincinnati police officers, including Hehemann, had arrived to retrieve the lumber they had purchased from Westfelt. The police instructed store personnel not to assist or supervise any police officer in loading materials, and the employees complied. Rhodes met with police investigators in a nearby parking lot to observe Hehemann and also permitted one investigator to establish surveillance within the warehouse. Besides Swallen's employees' cooperation when later subpoenaed to testify or to produce records, Swallen's had no further contact with the police department on this matter. Swallen's did not file a criminal complaint against Hehemann or any other officer.
 
 
 4
 Upon his arrest, Hehemann was suspended without pay and arraigned on felony criminal charges. When the grand jury refused to indict, the police department pursued misdemeanor charges against Hehemann, which did not result in conviction. After a lengthy suspension, Hehemann worked as a communications officer and as a patrolman. On November 18, 1991, he retired from the police force.
 
 
 5
 On May 18, 1992, Hehemann filed an amended complaint alleging Swallen's, Westfelt, and members of the Cincinnati police department conspired to deny Hehemann procedural due process and terminate his employment, in violation of 42 U.S.C. Sec. 1983. The complaint also alleged malicious prosecution and other state law torts.
 
 
 6
 On December 11, 1992, the district court ruled on defendants Swallen's and Westfelt's motion for summary judgment. The court could find no facts to support the claim that Swallen's or Westfelt conspired with the police to deprive Officer Hehemann of his right to procedural due process; therefore the court granted summary judgment on the Sec. 1983 claim. The court then dismissed the pendent state claims without prejudice on the basis of lack of jurisdiction. Hehemann thereafter settled the case. On June 4, 1993, the district court granted Swallen's motion for Rule 11 sanctions against Theresa Cunningham, the plaintiff's counsel, in the amount of $500.00. This appeal concerns the Rule 11 sanctions only.
 
 II
 
 7
 The notice of appeal reads,
 
 
 8
 NOW COMES plaintiff, John Hehemann, by and through counsel, and hereby gives notice of appeal to the Court of Appeals for the Sixth Circuit, from the judgment granting attorney fees to defendant Swallen[']s....
 
 
 9
 Swallen's challenges this court's jurisdiction on the grounds that the notice fails to name the appealing party. Swallen's argues that the only party who may appeal an award of sanctions is the party against whom the sanctions were levied. Because sanctions were imposed on Ms. Cunningham, and not on the plaintiffs themselves, Swallen's contends that the notice is insufficient to confer jurisdiction over the appeal.
 
 
 10
 The notice of appeal in this case was filed on July 2, 1993. At that time, Federal Rule of Appellate Procedure 3(c) read in part,
 
 
 11
 The notice of appeal shall specify the party or parties taking the appeal.... An appeal shall not be dismissed for informality of form or title of the notice of appeal.
 
 
 12
 Fed.R.App.P. 3(c) (as amended in 1989). If we were to apply this version of Rule 3(c), the question of whether the notice confers jurisdiction would be a substantial one.[1] However, we need not apply the version of Rule 3(c) in effect when the notice was filed.
 
 
 13
 The amendments to Rule 3(c) became effective December 1, 1993, five months after the plaintiffs filed the notice of appeal. The new rule adds,
 
 
 14
 An appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.
 
 
 15
 Fed.R.App.P. 3(c) (effective Dec. 1, 1993) (emphasis added). The Advisory Committee Notes clarify this addition: "If a court determines it is objectively clear that a party intended to appeal, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward." Fed.R.App.P. 3(c) (Advisory Committee Notes regarding 1993 amendment).
 
 
 16
 The Sixth Circuit has not published a ruling on the retroactivity of amended Rule 3(c). See Street v. City of Dearborn Heights, No. 93-1374, 1994 WL 615672 (6th Cir. Nov. 4, 1994) (applying amended Rule 3(c) retroactively to permit review of sanctions award appealed by client). We find the retroactive application of amended Rule 3(c) to be just and practicable in this case. See Order of April 22, 113 S.Ct. Preface 819 (1993). Ms. Cunningham's intent to appeal is clear from the notice because, as Swallen's concedes, she is the only person affected by the ruling appealed from. Thus, this court has jurisdiction over the instant appeal. See Garcia v. Wash, 20 F.3d 608, 609-610 (5th Cir.1994) (applying amended rule to permit review of sanctions award where notice names client only); see also Cleveland v. Porca Co., 38 F.3d 289, 294 (7th Cir.1994) (applying Rule 3(c) retroactively); Dodger's Bar & Grill, Inc. v. Johnson County Board of County Comm'rs, 32 F.3d 1436, 1440-41 (10th Cir.1994) (same).
 
 II. The Sanctions Award
 
 17
 The district court awarded Swallen's $500.00 in attorney's fees to be paid by the plaintiff's attorney, Ms. Cunningham, because the complaint against Swallen's had no basis in fact. In determining whether an attorney violated Rule 11, the district court must measure the attorney's conduct by an objective standard of reasonableness under the circumstances. Century Products, Inc. v. Sutter, 837 F.2d 247, 250-51 (6th Cir.1988). This court reviews the imposition of Rule 11 sanctions for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).
 
 
 18
 * Cunningham first argues that awarding sanctions was an abuse of discretion because the record contains evidence of Swallen's' conspiracy with the Cincinnati police to deprive Hehemann of his civil rights. In Hooks v. Hooks, 771 F.2d 935 (6th Cir.1985), this court set forth the standard for proving civil conspiracy:
 
 
 19
 A civil conspiracy is an agreement between two or more persons to injure another by unlawful action.... All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.
 
 
 20
 Id. at 943-44; see also Moore v. City of Paducah, 890 F.2d 831, 834-35 (6th Cir.1989).
 
 
 21
 Hehemann complained generally of a conspiracy to terminate his employment with the police department. However,
 
 
 22
 The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law."
 
 
 23
 Baker v. McCollan, 443 U.S. 137, 145 (1979). Hehemann did not allege that the officers lacked probable cause for his arrest. Rather, the due process violation of which Hehemann specifically complained was the Department's failure to issue an order of reduction, suspension, or removal, as required by Ohio Rev.Code Sec. 124.34.
 
 
 24
 In support of the claimed due process violation, Cunningham points to Swallen's' participation in Hehemann's arrest: Swallen's communicated with the Cincinnati police about transactions with police officers, permitted the police to establish surveillance within the warehouse, and instructed employees not to assist Hehemann or other officers in any way on the date of pick-up. Cunningham also implies that Westfelt, who was fired for selling the lumber at reduced prices, acted in concert with Swallen's as a member of the conspiracy against Hehemann.
 
 
 25
 The district court properly found this evidence insufficient to bear even a remote inference of conspiracy to deprive Hehemann of due process. There is not one iota of evidence linking Swallen's to the alleged failure to provide the order of reduction, suspension, or removal; there is not one iota of evidence of a "meeting of the minds"; and there is not one iota of evidence of a conspiratorial objective.
 
 B
 
 26
 Cunningham also argues that she lacked the opportunity to obtain facts permitting re-evaluation of the claims because the district court granted summary judgment twenty-one days before the discovery deadline.
 
 
 27
 This argument is disingenuous. Summary judgment was granted on December 11, 1992, eight months after the initial complaint was filed. The discovery deadline was January 1, 1993. Cunningham deposed two defendants on December 9, 1992, just one day before the district court's hearing on the motion for summary judgment, but did not file the depositions with the court until mid-January. She deposed several other defendants at the end of December, but again these were not filed until after the discovery deadline.
 
 
 28
 Cunningham also argues that had the defendants framed their interrogatories properly, she would have revealed the factual and legal bases for the allegations. Because the interrogatories and responses do not appear in the joint appendix, the record is simply inadequate to evaluate this claim.
 
 
 29
 Despite ample time to depose the defendants, Cunningham failed to present any deposition testimony to the district court for evaluation during the hearing on summary judgment. Therefore, the timing of the district court's judgment was not an abuse of discretion.
 
 C
 
 30
 Last, Cunningham argues that allegations of malicious prosecution are a proper ground for a Sec. 1983 claim. Under the facts of this case, Cunningham's argument lacks merit.
 
 
 31
 At the time Cunningham filed the complaint against Swallen's, malicious prosecution could support a violation of Sec. 1983 in the Sixth Circuit.[2] As a threshold matter, a party seeking Sec. 1983 damages based on a claim of malicious prosecution had to prove each element of malicious prosecution under state law. McMaster v. Cabinet for Human Resources, 824 F.2d 518, 520 (6th Cir.1987). To recover for malicious prosecution under Ohio law, the plaintiff was required to prove (1) a maliciously instituted prior proceeding by the defendant against the plaintiff, (2) lack of probable cause for filing the prior action, and (3) termination of the prior action in the plaintiff's favor. See Friedman v. United States, 927 F.2d 259, 261-62 (6th Cir.1991). Even if all elements of the state cause were present, malicious prosecution was not actionable under Sec. 1983 unless " 'the misuse of a legal proceeding is so egregious as to subject the aggrieved individual to a deprivation of constitutional dimension.' " Coogan v. City of Wixom, 820 F.2d 170, 175 (6th Cir.1987) (quoting Dunn v. Tennessee, 697 F.2d 121, 125 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983)).
 
 
 32
 Swallen's never instituted a proceeding against the plaintiff. Also, under Ohio law, a court's order binding the defendant over to the grand jury creates a rebuttable presumption of probable cause for the charge. Hruska v. Severance Specialty, Inc., 498 F.2d 796, 802 (6th Cir.1974); Adamson v. May Co., 456 N.E.2d 1212, 1215 (Ohio App.1982). Besides the grand jury's failure to indict, Hehemann presented no evidence to rebut the presumption. Therefore, the first two essential elements of the state cause were conspicuously lacking at the time Cunningham filed the complaint.
 
 III
 
 33
 Based on the foregoing, we conclude that the district court's award of sanctions against Ms. Cunningham was proper. However, we reach this conclusion with extreme caution. We acknowledge the concern that liberal imposition of sanctions in Sec. 1983 cases would discourage attorneys from using Sec. 1983 and would thus render the statute a dead letter. It goes without saying that Sec. 1983 plays a critical role in the preservation of civil rights in this country. It guards the freedoms that form the core of the Constitution, and its invocation must remain unburdened in order to enable the vigilant protection of our most precious liberties. It is precisely because Sec. 1983 is such an important tool in the enforcement of constitutional rights that this court cannot permit its strength to be diluted by utterly baseless claims.
 
 
 34
 We have reviewed Swallen's' request for costs of the appeal under Fed.R.App.P. 38 and conclude that an award of costs is not warranted. The district court's award of Rule 11 sanctions against Theresa Cunningham is AFFIRMED.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 See Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988) (holding that failure to name a party in a notice of appeal is a jurisdictional bar to review, not just an "informality"); see also DCPB, Inc. v. City of Lebanon, 957 F.2d 913, 919 (1st Cir.1992) (applying Torres to bar review of a sanctions award against an attorney where the notice of appeal names only the client as the appealing party); DeLuca v. Long Island Lighting Co., Inc., 862 F.2d 427, 429-30 (2d Cir.1988) (same); Collier v. Marshall, Dennehey, Warner, Coleman & Goggin, 977 F.2d 93, 94 (3d Cir.1992) (same); May v. Houston Post Pension Plan, 898 F.2d 1068, 1070-71 (5th Cir.1990) (same); Federal Trade Comm'n v. Amy Travel Serv., Inc., 875 F.2d 564, 577 (7th Cir.), cert. denied, 493 U.S. 954 (1989) (same); Estate of Bishop v. Bechtel Power Corp., 905 F.2d 1272, 1276 (9th Cir.1990) (same); Riggs v. Scrivner, Inc., 927 F.2d 1146, 1149 (10th Cir.), cert. denied, 112 S.Ct. 196 (1991) (same). But see Miltier v. Downes, 935 F.2d 660, 663 n. 1 (4th Cir.1991) (permitting review of sanctions award where naming client as appealing party creates no risk of confusion or prejudice); Aetna Life Ins. Co. v. Alla Medical Serv., Inc., 855 F.2d 1470, 1473 (9th Cir.1988) (same)
 
 
 [2]
 The Supreme Court has since foreclosed the use of Sec. 1983 as an avenue for redress of malicious prosecution. Albright v. Oliver, --- U.S. ----, ----, 114 S.Ct. 807, 811 n. 4 (1994)