**Kent MAERKI, Plaintiff–Appellant,**

v.

**Nick WILSON, Nancy M. Wilson, Steve Wasserman, The Cellular Corporation, Defendants–Appellees.**

No. 96–3433.

United States Court of Appeals, Sixth Circuit.

Argued July 28, 1997.

Decided Nov. 4, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 16, 1997.*

Stephen R. Felson (argued), Cincinnati, OH, Kevin J. Mirch (briefed), Reno, NV, for Plaintiff–Appellant.

George V. Pilat (argued and briefed), McIntyre, Kahn & Kruse, Cleveland, OH, for Defendants–Appellees.

Before: JONES, NELSON and RYAN, Circuit Judges.

RYAN, J., delivered the opinion of the court, in which NELSON, J., joined. JONES, J. (pp. 1008–1009), delivered a separate dissenting opinion.

**OPINION**

RYAN, Circuit Judge.

Kent Maerki and his attorney, Kevin Mirch, appeal from an award of sanctions in favor of the defendants. We will affirm as to Maerki because he has abandoned his appeal, and dismiss as to Mirch for lack of jurisdiction.

**I.**

In May 1991, Kevin Mirch filed suit against the defendants in district court on behalf of his client, Kent Maerki. The facts giving rise to the complaint, and the specific allegations of the complaint, are not relevant to this appeal. On September 28, 1992, Mirch filed an amended complaint naming both Maerki and the trustee of Maerki's bankruptcy estate, Leroy Bergstrom, as plaintiffs. After the filing of the amended complaint, the parties and the court used the

* Judge Jones would grant rehearing for the reasons stated in his dissent.

case caption: "Kent Maerki, et al., Plaintiffs, v. Nick Wilson, et. al., Defendants."

On July 2, 1993, the district court dismissed the complaint, with prejudice, for lack of standing and violations of Federal Rules of Civil Procedure 11, 37, and 41(b). In an unpublished decision, this court affirmed the judgment of the district court. *Maerki v. Wilson*, 53 F.3d 331 (6th Cir.1995) (unpublished disposition). This court agreed that Maerki and Mirch committed "blatant violations of Rule 11," and that "Maerki ... abused court processes, disregarded court orders, prevented substantive discovery of the factual bases for his claims, and wasted the limited resources of the federal judicial system." *Id.* at 332–33.

After the district court dismissed the complaint, the defendants moved for an award of sanctions. The district court deferred judgment on the motion, and the defendants renewed their request after this court affirmed the dismissal. On March 19, 1996, the district court entered a lengthy memorandum summarizing the misdeeds of Maerki and Mirch. Pursuant to this memorandum, and also on March 19, 1996, the district court entered a single "Judgment Entry," which stated that "judgment is entered for the defendants against plaintiff's counsel Mr. Kevin Mirch in the sum of $50,000.00 ... and an additional judgment is entered for defendants against the plaintiff Kent Maerki in the sum of $12,141.29."

On April 9, 1996, notice of appeal was filed. The notice used the caption: "Kent Maerki, et. al., Plaintiffs, v. Nick Wilson, et. al., Defendants." The body of the notice stated that "Plaintiffs, Kent Maerki, et al., by and through their attorney of record, Kevin J. Mirch, hereby appeal ... from [the] Judgment entered in this action on March 19, 1996." The March 19 judgment, described above, was attached to the notice.

Pre-argument filings with this court suggested that Mirch was appealing the award of sanctions, but that Maerki was not. The defendants moved to dismiss the appeal, arguing that Maerki had abandoned his appeal and that the notice of appeal was defective as to Mirch. In response, Mirch explained, in part, that the clerk of the court had told him that his April 30, 1996, pre-argument filings "were accepted and filed timely, and that because the sanctions against Mirch were part of the March 19, 1996 order, jurisdiction was proper." On June 13, 1996, a panel of this court entered an order concluding that Maerki could appeal the award of sanctions against him. The court deferred decision as to this court's jurisdiction to review the award of sanctions against Mirch to the panel assigned to hear the case on the merits.

## II.

### A.

The defendants argue that Maerki has abandoned his appeal and that, accordingly, the judgment against Maerki should be affirmed. We agree.

Despite this court's June 13 order, which made it clear that Maerki could proceed with an appeal from the March 19 judgment, he has not done so. The brief filed with this court under his name addresses only the award of sanctions against Mirch; the brief is, in actuality, Mirch's brief. In his reply brief and at oral argument, Mirch confirmed that no attempt was being made to challenge the sanctions entered against Maerki. Thus, although we have jurisdiction to hear Maerki's appeal, that appeal has been abandoned. Accordingly, we affirm the award of sanctions against Maerki.

### B.

Next, the defendants argue that this court does not have jurisdiction to consider Mirch's appeal because Mirch failed to comply with Federal Rule of Appellate Procedure 3(c). Specifically, the defendants argue that the notice of appeal did not specify Mirch as an appellant or otherwise give objectively clear notice of Mirch's intent to appeal. Again we agree with the defendants' argument.

Although resolution of this issue involves a relatively straightforward application of Rule 3(c), we have not found any precise guidance from the published decisions of this court. As the Second Circuit recently noted, "The Rule 3(c) issue has arisen with some frequency in the context of sanctions awards and

often is addressed in unpublished opinions." *Agee v. Paramount Communications, Inc.*, 114 F.3d 395, 400 (2d Cir.1997) (citing *Hehemann v. City of Cincinnati*, No. 93–3766, 1994 WL 714387 (6th Cir. Dec. 21, 1994) (unpublished disposition); *Dietrich v. Sun Exploration and Prod. Co.*, Nos. 92–1981/93–1442, 1994 WL 108961 (6th Cir. Mar. 30, 1994) (unpublished disposition)). In the present case, Mirch relies heavily upon *Street v. City of Dearborn Heights, Mich.*, No. 93–1374, 1994 WL 615672 (6th Cir. Nov. 4, 1994) (unpublished disposition), and the defendants rely exclusively upon published decisions predating critical amendments to Rule 3(c). Because of the lack of published authority, and because we agree that the bar should be reminded "of the importance of Rule 3(c), [and] the harsh and unfortunate consequences of overlooking it," *Agee*, 114 F.3d at 400, we will take this opportunity to briefly explain, in this published decision, the relatively unremarkable reasons for dismissing Mirch's appeal.

■ Prior to December 1, 1993, Rule 3(c) provided, in relevant part, that

[t]he notice of appeal shall specify the party or parties taking the appeal; [and] shall designate the judgment, order or part thereof appealed from[.] ... An appeal shall not be dismissed for informality of form or title of the notice of appeal.

Effective December 1, 1993, however, Rule 3(c) was amended to provide that

[a] notice of appeal must specify the party or parties taking the appeal by naming each appellant in either the caption or the body of the notice of appeal. An attorney representing more than one party may fulfill this requirement by describing those parties with such terms as "all plaintiffs[.]" ... A notice of appeal also must designate the judgment, order, or part thereof appealed from, and must name the court to which the appeal is taken. An appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.

Pursuant to the amended rule, then, this court should not dismiss the appeal of a party whose intent to appeal is made "objectively clear" by the notice of appeal. Fed. R.App. P. 3(c) advisory committee's note; *Agee*, 114 F.3d at 399, *Garcia v. Wash*, 20 F.3d 608, 610 (5th Cir.1994). The requirements of Rule 3(c) are jurisdictional in nature, and the court of appeals may not waive or diminish the rule's requirements. *Brooks v. Toyotomi Co.*, 86 F.3d 582, 585 (6th Cir. 1996).

■ Prior to the 1993 amendments, this court adhered strictly to Rule 3(c)'s requirement that parties intending to appeal be specifically named in the notice of appeal. *See, e.g., Minority Employees v. State of Tennessee Dep't of Employment Sec.*, 901 F.2d 1327 (6th Cir.1990) (*en banc*). Although we continue to believe that compliance with the letter of Rule 3(c) is required, what constitutes compliance with the rule has clearly been "liberalized." Thus, we cannot accept the defendants' invitation to simply apply pre-amendment case law. Nevertheless, we agree that the notice of appeal in this case did not give this court jurisdiction to hear Mirch's appeal from the March 19 judgment, because Mirch's intent to appeal was not objectively clear on the face of the notice.

Mirch argues that his intent to appeal was clearly indicated by the notice's reference to the March 19 judgment. In support of this argument, Mirch relies upon *Street*, 1994 WL 615672. In addition to being nonbinding, *Street* is easily distinguished from the present case. In *Street*, the notice of appeal stated that the plaintiff was appealing the denial of the plaintiff's motion for reconsideration of "the court's order imposing sanctions under Fed.R.Civ.P. 11." *Id.* at *6. Significantly, "the order appealed from concern[ed] sanctions imposed *only* on plaintiff's attorneys and not on plaintiff himself." *Id.* at *5 (emphasis added); *see Hehemann*, 1994 WL 714387, at *2.

By way of contrast, the March 19 judgment in this case imposed sanctions on both Maerki and Mirch. Because it is possible that only one party will appeal a judgment entered against multiple parties, and because the notice of appeal in this case clearly indicated Maerki's intent to appeal, it cannot be

said that the notice's reference to the March 19 judgment provided objectively clear notice of Mirch's intent to appeal. *Accord Dietrich,* 1994 WL 108961, at *10. The court in *Agee* reached the same conclusion on similar facts; we agree that

> [a]lthough [Mirch's] name is listed as [Maerki's] attorney and the notice identifies the [March 19, 1996,] judgment and order imposing ... sanctions against both [Maerki] and [Mirch], [Mirch's] intent to participate as a party rather than as a party's attorney is not clear on the face of the notice.

*Agee,* 114 F.3d at 399. To this end, we believe that the court in *Agee, id.,* properly distinguished *Garcia,* 20 F.3d 608, as we have distinguished *Hehemann* and *Street.*

Whether the language, "Plaintiffs, Kent Maerki, et al.," would constitute sufficient notice of Bergstrom's intent to appeal, in the event that he too had been sanctioned by the March 19 judgment, *see* Fed. R.App. P. 3(c), is not before us and the answer may not be entirely clear. But it is quite clear that this language cannot include Mirch who, unlike Bergstrom, was never himself a plaintiff in this case. Rule 3(c) states that the notice of appeal "must specify the party or parties taking the appeal" and "also must designate the judgment, order, or part thereof appealed from." These are nontaxing, but clearly independent requirements. Although the rule's allowance for "objectively clear" notice may save some failures to specifically identify "the party or parties taking the appeal," it will not do so in this case.

As a final matter, we address the following passage from Mirch's reply brief on appeal:

> Appellees contend that it is improper for Mirch to present his arguments under his client's caption. In doing so, Mirch was following the instruction of a representative of this Court, namely the case manager who called Mirch's office and specifically advised Mirch to proceed in this manner. It is unconscionable to think that this Court would penalize Mirch for following the advice of the Sixth Circuit case manager.

In response to this specific language, we note that Mirch is not being penalized for "pres-

ent[ing] his arguments under his client's caption." Rather, he is facing the consequences of his failure to give proper notice of his intent to appeal. It is not the caption in this case, but rather the notice of appeal, that is defective.

To the extent that Mirch intends to argue, as he did in response to the defendants' motion to dismiss the appeal, that he justifiably relied upon a statement by a clerk of the court, to the effect that "jurisdiction was proper," we have two further observations. First, according to Mirch, the alleged statement was made in conjunction with the acceptance of his April 30, 1996, pre-argument filings. By this date, the 30 days permitted for the filing of notice of appeal had already expired. *See* Fed. R.App. P. 4(a)(1), 26(a). Thus, the alleged statement came too late to create a reliance interest in the validity of the previously filed notice of appeal. More to the point, however, litigants are charged with the responsibility for complying with the Federal Rules of Appellate Procedure. We reject outright any suggestion that the advice of a clerk or case manager affects this court's review of the jurisdictional question presented by this case.

### III.

For all of the foregoing reasons, we **AFFIRM** the judgment of the district court as it relates to Maerki, and **DISMISS** Mirch's appeal for lack of jurisdiction.

NATHANIEL R. JONES, Circuit Judge, dissenting.

I must respectfully dissent from my colleague's opinion. As noted in the majority opinion, the amendments to Rule 3(c) have liberalized its requirements. These amendments have effectively overruled *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) which strictly construed the requirements of Rule 3(c), and would have mandated the present result. *See, e.g., Flaherty v. Gas Research Institute,* 31 F.3d 451, 458 (7th Cir.1994); *Garcia v. Wash,* 20 F.3d 608, 609 (5th Cir. 1994). Under the amended rule, however, a court is cautioned not to exalt form over

substance, as was done here. *See Street v. City of Dearborn Heights, Mich.*, No. 93-1374, 1994 WL 615672, at *6 (6th Cir. Nov. 4, 1994). Although the plaintiff's attorney was not specifically named in the appeal, the appeal clearly referred to the March 19 judgment which imposed sanctions on both Maerki and Mirch. By strictly construing the notice of appeal, the court must dismiss the entire appeal because the claims involving Maerki have been abandoned. There are no reasons of finality or fairness that would require such a result and the court could easily construe the ambiguity in favor of Mirch. Accordingly, I would assert jurisdiction over this appeal and reverse the district court's judgment.

Under the 1983 version of Rule 11 that was in effect during the sanctions imposed in this case and which the district court utilized, the only sanctionable acts were the filing of signed papers by an attorney. *Bodenhamer Building Corp. v. Architectural Research Corp.*, 989 F.2d 213, 219 (6th Cir.1993) (citing *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1229 (6th Cir.1989)). Rule 11 did not apply to the conduct of the attorney, but only those pleadings. *Id.* In the present case, the district court listed eleven findings which served as a basis for sanctions. (J.A. at 64–70). The majority of these findings involved conduct by Mirch, rather than signed pleadings or papers and thus do not support an award of sanctions. As a result, it is impossible to separate the amount awarded that was based on findings supported by the 1983 version of Rule 11 and those findings that were based on invalid reasons. Therefore, I would reverse the district court's judgment and remand the case with an instruction for the district court to adjust the sanction award using only permissible reasons under Rule 11.