43 F.3d 1478
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daryl CRANE; Pamela Crane, Plaintiffs-Appellants,
v.
CONOCO, INC., a corporation, Defendant-Appellee.
and
Nunnallee-Cantwell, Inc., a foreign corporation, Defendant.
 No. 93-35661.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1994.
Decided Dec. 2, 1994.
 
 Before: LAY,* TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * The district court sanctioned Jeffrey Renz, the Cranes' attorney, in the amount of $1500.00 for an abuse of discovery in violation of Fed.R.Civ.P. 37. Conoco argues that Renz's failure to name himself on the notice of appeal constitutes a fatal defect, barring his appeal under Fed.R.App.P. 3(c) and Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988). We hold that the appeal was proper, and affirm the district court's sanction.
 
 II
 
 3
 Renz's notice of appeal, dated July 9, 1993, states that "Plaintiffs appeal from the Judgment and Order entered the 10th day of June 1993." Since the sanction order was the only one entered on the 10th of June, and since Renz alone was subject to the sanction, it is clear that Renz intended to appeal the sanction ordered against himself as well as the summary judgment entered against his clients.[1] See Fed.R.App.P. 3(c) as amended December 7, 1993 (providing, inter alia, that "[a]n appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice"). We therefore hold that the appeal was properly entered.
 
 III
 
 4
 The district court found that Renz's attempt to withhold information from his clients, even if unsuccessful, violated the spirit and purpose of Fed.R.Civ.P. 37, designed to deter abuses in the discovery process. After conducting a hearing, the district court found Renz's explanation for his action or contemplated action insufficient. The district court further relied on its inherent power to levy sanctions in response to abusive litigation practices. See Halaco Eng'g Co. v. Costle, 843 F.2d 376, 380 (9th Cir.1988); Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-66, (1980) (noting that federal courts have inherent power to assess attorney's fees against counsel for "bad faith" litigation practices.) We hold that the district court's sanction against Renz was appropriate under the circumstances.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Conoco raises the issue of the Cranes' standing to appeal the sanctions ordered against their attorney. Because it is clear that Renz is the party appealing the sanctions, there is no need to address this issue