**Michael L. AGEE, doing business as L&H Records, Plaintiff–Appellant,**

v.

**PARAMOUNT COMMUNICATIONS INC., Paramount Pictures, Paramount Television Group, Adams TV Corp. II, et al., Defendants–Appellees.**

No. 32, Docket 95–7890.

United States Court of Appeals, Second Circuit.

Argued Nov. 25, 1996.

Decided June 11, 1997.

Edward C. Kramer, Kramer & Kramer (John Walshe, John Walshe & Associates, New York City, of counsel), for Plaintiff–Appellant.

Robert A. Atkins (Leslie Gordon Fagen, George E. Anhang, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, of counsel), for Defendants–Appellees.

Before: CARDAMONE and WALKER and RESTANI,* Circuit Judges.

CARDAMONE, Circuit Judge:

Plaintiff Michael L. Agee appeals from a July 27, 1995 judgment of the United States District Court for the Southern District of New York (Constance Baker Motley, Judge) granting defendants' motion to award attorneys' fees and costs jointly and severally against plaintiff and his attorney, John Walshe, Esq. We hold that this appeal is moot as to Agee in light of his settlement with defendants. Moreover, our exercise of jurisdiction over his attorney John Walshe's appeal is precluded by Walshe's failure to file a notice of appeal on his own behalf as required by Federal Rule of Appellate Procedure 3(c).

Ordinarily, no more would need to be said. But we think it important to write in this case to emphasize the need for attention to detail with regard to Rule 3(c), particularly when an attorney represents both his client and his own interests before the court. Appellant's arguments and our observations on the record before us are set out in some detail for the purposes of underscoring the high stakes that can be associated with this jurisdictional rule.

* Hon. Jane A. Restani, United States Judge for the Court of International Trade, sitting by designa-

## BACKGROUND

Michael Agee, the owner of L&H Records, holds the copyright to two Laurel & Hardy musical recordings. The instant dispute arose after defendants Paramount Pictures Corp. and affiliated entities (collectively, Paramount) reproduced parts of the sound recordings—without Agee's permission—to make an audio track for a segment in a television program entitled *Hard Copy*. The program was transmitted to 129 television stations (the TV defendants) which made their own copies of the audio track and broadcasted the program on February 16, 1993.

Agee filed a complaint on September 10, 1993 against Paramount and the TV defendants in the Southern District alleging copyright infringement, false designation of origin in violation of the Lanham Act, and unfair competition in violation of state law. The case was originally assigned to then District Court (now Circuit Court) Judge Pierre N. Leval. The New York City law firm of Paul, Weiss, Rifkind, Wharton & Garrison, Esqs. appeared as counsel for all defendants.

On November 10 Agee moved to disqualify Paul, Weiss on the grounds that the TV defendants might be entitled to assert cross-claims against Paramount; and, if so, the law firm had a conflict of interest. Judge Leval received correspondence from both parties on the disqualification issue and granted plaintiff written permission to make a disqualification motion. Walshe contended that the broad indemnification clause in the licensing agreement between Paramount and the TV stations—which provided that Paramount would indemnify the TV stations and would defend them from lawsuits—did not cover all the relief sought in the litigation, and that the TV defendants therefore might have potential cross-claims against Paramount. Although the language of the clause does not cover awards in favor of third parties, Walshe averred that his alternative interpretation of the indemnification clause is not implausible. Further, although punitive damages are not available under the Copy-

tion.

right Act, Agee also sought relief under the Lanham Act and state unfair competition law, and argued it was conceivable—at least at such an early stage of the litigation—that the TV stations might eventually be liable for punitive damages. Hence, before these claims had been definitively dismissed, a possibility of a conflict between the TV defendants and Paramount existed. Defendants responded with a motion for summary judgment dismissing plaintiff's complaint.

On November 19, 1993, nine days after the disqualification motion was made, plaintiff's counsel Walshe telephoned Robert Atkins, Esq. (a Paul, Weiss associate assigned to the case) at 12:30 p.m. and told him plaintiff would be seeking that day a temporary restraining order (TRO) prohibiting the TV defendants from rebroadcasting the program. Walshe told Atkins he would seek such relief before Judge Leval. Attorney Atkins accordingly telephoned Judge Leval's clerk, who advised him that the case was being reassigned to Judge Motley, that plaintiff's lawyers had not appeared, and that he would call Paul, Weiss if they came. That afternoon attorney Atkins called the chambers of Judge Knapp—who was assigned to the *ex parte* part that day—and learned that a TRO had been issued at 2:00 p.m.

Two Paul, Weiss lawyers appeared later the same day before Judge Knapp urging him to vacate the TRO, arguing that attorney Walshe had deceived Paul, Weiss and the court. They asserted plaintiff's counsel had falsely represented that Paul, Weiss was not interested in opposing the TRO motion. They also stated that plaintiff's lawyer had falsely told them he would be seeking relief before Judge Leval, and then surreptitiously obtained *ex parte* relief from Judge Knapp. Defendants' counsel declared, in addition, that plaintiff had been assured nine months before that there would be no new broadcast until the dispute was resolved.

There was some confusion about which judge would be entertaining the application for a TRO. Apparently not all the lawyers were aware of the reassignment of the case from Judge Leval to Judge Motley. The Paul, Weiss attorney who fielded the call understood that Judge Leval would be handling the matter. Judge Knapp, at the second hearing—in which he vacated the TRO he had previously issued—did not believe attorney Walshe's assertion that since his office had notified Paul, Weiss of the application that firm had simply elected not to appear. Attorney Walshe nonetheless insists it was a miscommunication rather than bad faith on his part.

On June 3, 1994 Judge Motley denied the November 10, 1993 motion for the disqualification of the Paul, Weiss law firm and granted summary judgment in favor of defendants. *See Agee v. Paramount Communications, Inc. (Agee I )*, 853 F.Supp. 778 (S.D.N.Y.1994). On appeal the grant of summary judgment was reversed in part. We held that Paramount—but not the TV defendants—should be held liable for infringing Agee's right to reproduce the sound recordings. *See Agee v. Paramount Communications, Inc. (Agee III )*, 59 F.3d 317, 319–24 (2d Cir.1995). No appeal was taken from the denial of the motion to disqualify Paul, Weiss.

While the appeal from summary judgment was pending before this Court, defendants moved for an order directing Agee and his counsel to pay attorneys' fees and costs. Judge Motley granted the motion and awarded fees and costs associated with the disqualification motion and the TRO motion, *see Agee v. Paramount Communications, Inc. (Agee II )*, 869 F.Supp. 209 (S.D.N.Y.1994), based on the Copyright Act provision allowing such an award in favor of a "prevailing party," *see* 17 U.S.C. § 505. In the alternative, the district court ruled that fees and costs were warranted under 28 U.S.C. § 1927 and also under the court's "inherent power" because attorney Walshe in seeking the TRO and disqualification of Paul, Weiss had acted in bad faith. Specifically, the district court found that plaintiff made the disqualification motion without evidence of conflict to support it and deceived Judge Knapp by failing to inform him of Paramount's pledge not to rebroadcast that particular episode, *Agee II*, 869 F.Supp. at 211. From this, the court inferred Walshe's motive was improper.

Plaintiff's counsel filed a notice of appeal in August 1995, seeking review of the award, a

final judgment entered pursuant to Rule 54(b). In February 1996 appellate briefs were filed in this Court. The parties subsequently agreed to settle the case. As part of the settlement, Paramount agreed not to collect the attorneys' fees award. Attorney Walshe then filed a motion to vacate the fee award judgment in district court. Argument before this Court was postponed until the district court's determination of the motion to vacate. Judge Motley's judgment denying the motion to vacate was entered on July 11, 1996. *See Agee v. Paramount Communications, Inc. (Agee IV)*, 932 F.Supp. 85 (S.D.N.Y.1996). Attorney Walshe informed the Second Circuit clerk's office of this disposition in September 1996 and asked that the appeal from the sanctions award be rescheduled. The appeal was subsequently heard on November 25, 1996.

## DISCUSSION

Appellant in his brief makes strong arguments that the rationale of the sanctions award is not supported by the facts or any of the legal precedent relied upon by the district court. A district court has "inherent power" to award attorneys' fees against the offending party and his attorney when it determines a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sierra Club v. U.S. Army Corps of Engineers*, 776 F.2d 383, 390 (2d Cir.1985). Similarly, under 28 U.S.C. § 1927, the court may require any *attorney* to pay costs if he or she "so multiplies the proceedings in any case unreasonably and vexatiously." To impose sanctions under either authority, the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes. *Sierra Club*, 776 F.2d at 390 (inherent power); *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.1986) (§ 1927); *see also MacDraw, Inc. v. CIT Group Equip. Fin. Inc.*, 73 F.3d 1253, 1262 (2d Cir.1996) (showing of *subjective* bad faith required under § 1927). Appellant insists that with respect to the application for the TRO there was a miscommunication instead of bad faith and that the disqualification motion had colorable merit, as Judge Leval recognized, at the time it was made.

Appellant also insists that Paramount cannot collect attorneys' fees under § 505 of the Copyright Act, which allows such an award only in favor of a "prevailing party." *See* 17 U.S.C. § 505. Paramount, under the licensing agreement with the TV stations, undertook to pay for the TV defendants' legal bills. Paul, Weiss has been paid exclusively by Paramount and is the only firm that has litigated on behalf of the defendants in this action. The TV defendants have not incurred any costs. The statute allows an award only "to the prevailing party." Appellant asserts that it does not provide for an award to a losing party, like Paramount, even if Paramount paid the winning party's legal bills. Appellant argues that the court also erred in failing to make clear what portion of the sanctions imposed are allocable to § 505 (which may not be charged to attorney Walshe) and which portion is awarded under 28 U.S.C. § 1927 (which may not be chargeable to the non-lawyer client, Agee).

A sanctions award implicates the reputational interests of the attorney—his primary asset—and this Court's institutional interest in developing straightforward and consistent rules to guide future conduct in federal court. *See In re Ames Department Stores, Inc.*, 76 F.3d 66, 70 (2d Cir.1996) ("Because of the deleterious nature of the [district court's] comments [regarding an attorney's conduct] it was especially important that the orders in which they are contained meet the ... substantive requirements of the law."). Be all that as it may, we cannot resolve the merits of this sanctions appeal because we lack jurisdiction to entertain it.

### I Mootness

Article III of the Constitution limits this Court to consideration of appeals involving a live case or controversy. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 19–21, 115 S.Ct. 386, 389, 130 L.Ed.2d 233 (1994) (a case must exist at all stages of federal proceedings). In a live controversy, the parties retain some interest that is capable of redress. *See, e.g., New England Health Care Employees Union, Dist. 1199 v. Mount Sinai Hosp.*, 65

F.3d 1024, 1029 (2d Cir.1995); *Haley v. Pataki*, 60 F.3d 137, 141 (2d Cir.1995).

█ This appeal insofar as the client, Agee, is concerned was rendered moot by his March 1996 settlement with Paramount. He freely entered this agreement discharging him from any obligation to pay the fee award as provided in the district court's judgment. *See U.S. Bancorp*, 513 U.S. at 23–25, 115 S.Ct. at 391 (when considering whether to vacate a judgment that has been rendered otherwise moot by a settlement, an appellate court should look to "whether the party seeking relief from the judgment below caused the mootness by voluntary action."). After voluntarily entering into the settlement, Agee may not now complain that his right to appellate review has been lost since he himself chose to make the sanctions award unreviewable.

Appellant cites *Perkins v. General Motors Corp.*, 965 F.2d 597 (8th Cir.1992), for the proposition that the parties' voluntary settlement of the underlying case does not render moot the sanctions order against a party and her attorney. The court there based its decision on concern for the effect on the attorney's ability to seek relief from the sanctions order and the public interest in ensuring compliance with the rules of procedure.

We are not persuaded that the court's interest in having its rules of conduct obeyed, by itself, supports jurisdiction when the parties have entered into a voluntary agreement not to collect a monetary sanctions award. However, we have some concern about the application of the mootness doctrine to attorney Walshe because his reputation—the basis of the attorney's livelihood—is at stake and, unlike his client, he did not voluntarily enter into the settlement in question. Instead, Walshe had an ethical obligation as an attorney to act in his client's best interests, and he could not discourage his client from entering into a settlement simply because his client's action might cause him to "forfeit" his opportunity to appeal the district court's findings that he acted in bad faith. *See Perkins*, 965 F.2d at 600.

## II Failure to Comply with Rule 3(c)

█ Yet, we need not resolve this vexing issue because, even if this appeal were not moot, attorney Walshe failed to satisfy the jurisdictional requirements of Federal Rule of Appellate Procedure 3(c) by not listing himself as a party to the appeal in the notice of appeal's caption or body. Hence, we are deprived of jurisdiction to consider the merits of his purported appeal. Under Rule 3(c), "[a] notice of appeal must specify the party or parties taking the appeal by naming each appellant in either the caption or the body of the notice of appeal." However, "[a]n appeal will not be dismissed ... for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R.App. P. 3(c). The test for determining the sufficiency of a notice of appeal is "whether it is objectively clear that a party intended to appeal." Fed. R.App. P. 3(c) advisory committee note (1993 Amendment).

Attorney Walshe fails this simple test. His client, Agee, is listed as the sole appellant in the caption of the notice, and the first sentence of the body of that notice refers only to "Plaintiff Agee." Although Walshe's name is listed as the appellant's attorney and the notice identifies the August 8, 1995 judgment and order imposing joint and several sanctions against both Agee and Walshe, Walshe's intent to participate as a party rather than as a party's attorney is not clear on the face of the notice.

Attorney Walshe relies heavily on *Garcia v. Wash*, 20 F.3d 608 (5th Cir.1994). There, the Fifth Circuit applied the test articulated in the advisory committee note and held that the attorney's intent to appeal was sufficiently clear to confer jurisdiction over his claim because the notice of appeal, filed only in his client's name, specifically indicated that sanctions assessed individually against him were being appealed. Because the sanctions were imposed solely against the attorney, there was no confusion as to whether the client, the attorney, or both were appealing from the judgment. The same cannot be said in this case involving a joint and several sanction. Thus, the interests of finality and fairness preclude our exercise of jurisdiction over this

appeal. *See DeLuca v. Long Island Lighting Co.*, 862 F.2d 427, 429 (2d Cir.1988).

The Rule 3(c) issue has arisen with some frequency in the context of sanctions awards and often is addressed in unpublished opinions. *See, e.g., Ortaliza v. General Mills, Inc.*, Nos. 94–55758, 94–56304, 1995 WL 316927 (9th Cir. May 24, 1995) (appeal by attorney not named as party to appeal where subject of appeal is attorneys' fees awarded jointly and severally against attorney and client), *cert. denied,* —— U.S. ——, 116 S.Ct. 518, 133 L.Ed.2d 426 (1995); *Dietrich v. Sun Exploration and Prod. Co.*, Nos. 92–1981, 93–1442, 1994 WL 108961 (6th Cir. Mar.30, 1994) (same); *Hoefler v. Caesars Tahoe, IATSE Union Local No. 363*, No. 92–16306, 1994 WL 28354 (9th Cir. Jan.31, 1994) (appeal from sanctions awarded solely against attorney and notice of appeal is brought in client's name only); *Hehemann v. City of Cincinnati*, No. 93–3766, 1994 WL 714387 (6th Cir. Dec.21, 1994) (same); *Crane v. Conoco, Inc.*, No. 93–35661, 1994 WL 697930 (9th Cir. Dec.2, 1994) (same); *Kaduk v. Ellis*, No. 93–5041, 1994 WL 32760 (10th Cir. Feb.3, 1994) (same).

We write therefore to place the bar on notice of the importance of Rule 3(c), the harsh and unfortunate consequences of overlooking it, and the apparent frequency with which these consequences are felt in the context of appeals from sanctions imposed against attorneys.

## CONCLUSION

For the reasons stated, we lack jurisdiction to reach the close questions raised regarding the imposition of joint and several sanctions against plaintiff and his attorney.

Appeal dismissed.