**Christopher CORROON, Peter Corroon, and Faith V. Hyndman, on their own behalf and on behalf of all similarly situated shareholders of Willis Corroon Group, PLC, Plaintiffs,**

**Polar International Brokerage Corp., on its own behalf and on the behalf of all similarly situated shareholders of Willis Corroon Group, PLC, Plaintiff–Appellant,**

v.

**John REEVE, Thomas Colraine, Brian D. Johnson, George F. Nixon, Kenneth H. Pinkston, Michael R. Rendle, Joseph M. Rodgers, William A. Schreyer, Allen Sykes, Raymond G. Viault, Patrick Lucas, Willis Corroon Group PLC, Trinity Acquisition, PLC, Kohlberg Kravis Roberts & Co., L.P., Guardian Royal Exchange Assurance PLC, Guardian Royal Exchange, Royal & SunAlliance, Chubb Corporation,**

---

Hartford Financial Services Group, Inc., Travelers Property Casualty Corp., Warburg Dillon Read, Inc., HSBC Investment Bank, Chase Manhattan Bank, N.A., Defendants–Appellees,

Berger & Montague, P.C., Intervenor.

Docket No. 00–9301.

United States Court of Appeals, Second Circuit.

Argued June 13, 2001.

Decided July 12, 2001.

Samuel P. Sporn, (Joel P. Laitman, Schoeng old & Sporn, New York, NY, on the brief), for Plaintiff–Appellant.

Lawrence Deutsch, (Debora C. Fliegelman, Berger & Montague, Philadelphia, PA, on the brief), for Intervenor.

Paul C. Curnin, (Felecia B. Stern, Simpson Thacher & Bartlett, New York, NY, on the brief), for Defendants Reeve, Colraine, Johnson, Nixon, Pinkston, Rendle, Rodgers, Schreyer, Sykes, Viault, Lucas, Willis Corroon Group PLC., Trinity Acquisition, PLC, Kohlberg Kravis Roberts & Co., L.P., Warburg Dillon Read, Inc., HSBC Investment Bank, and Chase Manhattan Bank, N.A.

Robert C. Myers, (Paul B. Carberry, Dewey Ballantine, New York, NY, on the brief), for Defendants Guardian Royal Exchange Assurance PLC, Guardian Royal Exchange, Royal & SunAlliance, The Chubb Corporation, The Hartford Financial Services Group, Inc., and Travelers Property Casualty Corp.

Before VAN GRAAFEILAND and KEARSE, Circuit Judges, SEYBERT, District Judge *.

KEARSE, Circuit Judge:

This is an appeal, filed in the name of plaintiff Polar International Brokerage Corp. ("Polar"), from (a) an August 7, 2000 Memorandum Order of the United States District Court for the Southern District of New York, Shira A. Scheindlin, *Judge,* reported at 196 F.R.D. 13 ("August Order"), imposing sanctions on plaintiffs' attorneys pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(c)(1) (2000) ("PSLRA"), for violation of Fed.R.Civ.P. 11 in the assertion of a frivolous securities fraud claim, and (b) a September 19, 2000 Memorandum Order of that court, reported at 120 F.Supp.2d 267 ("September Order"), granting reconsideration and reducing the amount of the sanction imposed on plaintiffs' non-lead counsel and, *pro tanto,* the total amount of sanctions. The procedures followed in pursuit of this appeal are considerably more problematic than the merits, and we affirm in part and dismiss in part.

The present action was commenced by Polar in 1998 as a class action alleging violations of § 14(e) of the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78n(e), and state law, in connection with a tender offer. Appearing as plaintiffs' lead counsel was Schoengold & Sporn, P.C. ("Schoengold & Sporn" or the "Schoengold firm"). In late 1999, when a first amended complaint was filed and a claim was added under § 13(e) of the 1934 Act, new plaintiffs were added, one of whom was represented by Berger & Montague, P.C. ("Berger & Montague" or the "Berger firm"), which appeared as non-lead counsel. In an Opinion and Order dated June 27, 2000, reported at 108 F.Supp.2d 225, familiarity with which is assumed, the district court dismissed the action in its entirety and ordered plaintiffs and their counsel to show cause why sanctions should not be imposed pursuant to Fed.R.Civ.P. 11 for instituting "abusive litigation" within the meaning of the PSLRA, 15 U.S.C. § 78u–4(c)(1).

After hearing from both sides, the court in its August Order imposed sanctions against counsel for asserting the § 14(e) claim but not for asserting the § 13(e) claim, finding that the latter, though meritless, was not frivolous. The court found that the § 14(e) claim "was both legally frivolous and without factual support ." August Order, 196 F.R.D. at 16. It also found that lead counsel had made inconsistent representations both to the district

---

* Honorable Joanna Seybert, of the United States District Court for the Eastern District of New York, sitting by designation.

court and to the plaintiff class as to the fairness of the challenged tender offer, depending on whether counsel was pressing the merits or urging approval of a proposed settlement. The court stated that "[e]ither plaintiffs' counsel violated Rule 11(b)(3) in March 1999 [in advocating settlement] when they repeatedly stated—based upon their examination of documents and consultation with financial experts—that the Tender Offer was fair, or counsel violated Rule 11(b)(3) in October 1999 by filing an amended complaint alleging that the Tender Offer was unfair." August Order, 196 F.R.D. at 18. The court also noted that in the settlement espoused by lead counsel in March 1999, the plaintiff class would have received no money, while counsel would have received $200,000, and the court concluded that

> Lead Counsel was either pursuing meritless litigation in order to force a settlement with respect to attorneys' fees—precisely the behavior the securities laws and Rule 11 abhor—or, equally abhorrent, Lead Counsel was willing to jettison the meritorious claims of its clients in order to obtain attorneys' fees,

*Id.*

In imposing sanctions, the court granted the defendants somewhat less in fees than they had requested, ordering the two firms representing plaintiffs to pay a total of $105,191.43. The court apportioned the award 70 percent, or $73,634, against Schoengold & Sporn, which had been counsel throughout, and 30 percent, or $31,557.43, against Berger & Montague, as a latecomer to the litigation.

Both law firms moved for reconsideration of the August Order on various grounds. In addition, Berger & Montague contended that Schoengold & Sporn had not shared with the Berger firm some of the pertinent substantive documents the Schoengold firm had reviewed or the warning letters the latter had received from defense counsel. In its September Order, the district court concluded that, although it had taken into account the limited duration of the Berger firm's role, it had "not fully appreciate[d] to what extent Berger & Montague [had] acted solely at the direction of Lead Counsel" or that "Berger & Montague was 'not made privy to ... certain matters relevant to the imposition of sanctions.'" September Order, 120 F.Supp.2d at 269. While remaining of the view that the Berger firm's participation in the litigation warranted some sanction, the court concluded that the amount of the sanction should be reduced from 30 percent of the previously awarded total to 10 percent, or $10,519.14. The court did not reallocate the amount of that reduction to the Schoengold firm but instead simply reduced the total amount of sanctions awarded, attributing the difference to plaintiffs' asserted state-law claims:

> [P]laintiffs' counsel correctly notes that this Court did not make specific findings of fact under Rule 11 with respect to plaintiffs' state law fiduciary duty claims.... As a result, the 20% reduction in sanctions assessed against Berger & Montague ... is not allocated to Lead Counsel. Lead Counsel is responsible for 70%, rather than 90%, of the total sanctions previously imposed, and the 20% difference—which is, in effect, a reduction in the sanctions awarded to defendants—represents an adjustment in the award based on the two state law fiduciary duty claims.

*Id.* at 272.

The present appeal, timely filed in October 2000, followed. The only notice of appeal, signed by the Schoengold firm, stated as follows:

> Notice is hereby given that Plaintiffs Appellants, Polar International Broker-

age Corp., on its own behalf and on behalf of all similarly situated shareholders of Willis Corroon Group, PLC, hereby appeal to the United States Court of Appeals for the Second Circuit from the Memorandum Orders of Honorable Shira A. Scheindlin, U.S.D.J. of the United States District Court for the Southern District of New York, dated August 7, 2000 ("August 7 Order") imposing sanctions against plaintiffs' counsel for violations of Rule 11 and September 19, 2000 granting reconsideration of the August 7 Order and imposing sanctions.

(Notice of Appeal dated October 13, 2000, at 1 (footnote omitted).) The "Brief for Plaintiff Appellant," signed by the Schoengold firm, argues principally (a) that the district court erred in dismissing the § 14(e) claim because the statements and omissions of which plaintiffs complained were material and actionable; (b) that the court should not have imposed sanctions unless the entire complaint was frivolous; and (c) that the court erred in "holding lead-counsel culpable for 90% of sanctions" (Appellant's brief on appeal at 43) and "reduc[ing] the liability of non-lead counsel" (*id.* at 46).

In February 2001, Berger & Montague moved to intervene in the appeal. Its motion was granted, "limited to the issue raised in Section V.C.3 of appellant's brief," *Polar International v. Reeve,* No. 00–9301 (2d Cir. Mar. 8, 2001), that section having been described in the Berger firm's motion as "Polar International['s] argu[ment] that the District Court erroneously reduced Berger & Montague's liability for sanction" (Berger & Montague motion to intervene dated February 14, 2001). Berger & Montague thereafter filed its intervenor brief, which not only defends the district court's reduction but also "joins plaintiffs-appellants' [*sic* ] arguments that no sanctions should be imposed" (Berger & Montague brief on ap-peal at 12); *see also id.* at 2 ("Berger & Montague agrees that sanctions are inappropriate in this case, particularly in light of the affidavits presented to support the allegations of the complaint … and [because] a majority of claims were found to be nonsanctionable.").

We have several procedural difficulties with the present appeal. To begin with, the notice of appeal is defective. The Federal Rules of Appellate Procedure require, with an exception not pertinent here, that "[t]he notice of appeal must … specify the party or parties taking the appeal by naming each one in the caption or body of the notice…." Fed. R.App. P. 3(c)(1)(A). In the present case, the notice of appeal specified only the plaintiff Polar as the party taking the appeal. But no sanctions had been imposed against Polar. Hence, as to sanctions, Polar was not entitled to appeal, *see, e.g., Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 335, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) (only a party aggrieved by an order may appeal), and the notice of appeal should have been filed in the name of the attorneys challenging the sanctions imposed against them, *see generally Agee v. Paramount Communications, Inc.,* 114 F.3d 395, 400 (2d Cir.1997) ("*Agee* ") ("plac[ing] the bar on notice of the importance of Rule 3(c), the harsh and unfortunate consequences of overlooking it, and the apparent frequency with which these consequences are felt in the context of appeals from sanctions imposed against attorneys").

In *Agee,* we noted the need for specificity in the notice of appeal as to the identity of the person challenging an order that imposed sanctions against more than one person, and we dismissed for lack of appellate jurisdiction an attorney's challenge to a sanctions award against him where

[the client wa]s listed as the sole appellant in the caption of the notice, and the first sentence of the body of that notice refers only to "Plaintiff Agee." Although [attorney] Walshe's name [wa]s listed as the appellant's attorney and the notice identifies the August 8, 1995 judgment and order imposing joint and several sanctions against both Agee and Walshe, Walshe's intent to participate as a party rather than as a party's attorney [wa]s not clear on the face of the notice.

114 F.3d at 399. We noted that in *Garcia v. Wash,* 20 F.3d 608 (5th Cir.1994), the Fifth Circuit had entertained an attorney's challenge to an award of sanctions despite the attorney's not being formally identified as appealing, because the body of the notice of appeal made it clear that the sanction was challenged, and the attorney was the only one sanctioned, *see generally* Fed. R.App. P. 3(c) Advisory Committee Note (1993) (test for determining the sufficiency of a notice of appeal in this respect is "whether it is objectively clear that a party intended to appeal"). We stated that in *Garcia v. Wash,* "[b]ecause the sanctions were imposed solely against the attorney, there was no confusion as to whether the client, the attorney, or both were appealing from the judgment. The same cannot be said in this case involving a joint and several sanction." *Agee,* 114 F.3d at 399.

In the present case, although no sanctions were imposed against plaintiffs, there exists a confusion similar to that in *Agee* because sanctions were imposed against two sets of plaintiffs' counsel, and the notice of appeal stated, without differentiation, that the challenge was to sanctions "against plaintiffs' counsel." Nothing in that specification distinguished between the sanction imposed against the Schoengold firm and that imposed against the Berger firm. Moreover, the fact that a plaintiff was specified as the appealing party might have made it seem likely that the sanctions against both of the firms representing the plaintiffs were being challenged. And certainly it was not a reasonable inference that a plaintiff, itself unaffected by the sanctions order, wished to challenge the *reduction* of the sanction imposed against one of its attorneys. It is thus hardly clear from the body of the notice of appeal that the appeal was not meant to challenge the sanctions against both firms.

Nonetheless, because more than one entity was sanctioned, Berger & Montague surely could not be viewed as an appellant, for it is not "a party whose intent to appeal is otherwise clear from the notice," Fed. R.App. P. 3(c)(4). Berger & Montague not only was not designated as an appellant in the caption or the body of the notice of appeal, it did not even sign the notice of appeal. Had the Berger firm intended to appeal, more than what is in the notice of appeal filed here would have been required.

■ In fact, however, we were informed at oral argument of this appeal that Berger & Montague had chosen not to appeal the revised award of sanctions against it. This, in turn, brings into question the propriety of so much of the "intervenor" brief filed by the Berger firm as argues that no sanctions at all should have been imposed. Having declined to file an appeal from the August and September Orders, and its appeal deadline having passed, Berger & Montague could not secure the resurrection of its appeal time, which is jurisdictional and strictly enforced, *see, e.g., Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam); *Browder v. Director, Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), by simply seeking to intervene. Accordingly, when Berger & Montague

moved for permission to intervene, we granted its motion only to the extent of allowing it to defend the district court's reduction of its liability for sanctions. Thus, the Berger firm's opposition to the award of any sanctions (*see, e.g.,* Berger & Montague brief on appeal at 2 ("sanctions are inappropriate in this case, particularly in light of the affidavits presented to support the allegations of the complaint ... and [because] a majority of claims were found to be nonsanctionable")), and hence any challenge to the $10,519.14 sanction imposed on Berger & Montague, is not properly before us.

■ Finally, Schoengold & Sporn, like the Berger firm, was not designated as an appellant in the caption or the body of the notice of appeal. But assuming that the notice of appeal can be objectively read as clearly indicating an intent by the Schoengold firm to appeal in its own right simply because it signed the notice and designated the sanctions orders as the challenged decisions—a proposition of questionable validity under *Agee,* given that the Schoengold firm was not the only entity sanctioned—we nonetheless conclude that part of the Schoengold & Sporn appeal must be dismissed for lack of standing. To the extent that Schoengold & Sporn attacks the district court's September Order for reducing the sanction imposed against Berger & Montague, the Schoengold firm lacks standing because it is not, in any principled sense, aggrieved by that reduction. The Schoengold firm would have been aggrieved had the district court concomitantly increased the amount of sanction that the Schoengold firm was required to pay; but instead, the total amount of sanctions awarded was reduced, and the amount to be paid by the Schoengold firm remained the same, $73,634. The Schoengold firm's premise that, as a result of the reduction granted the Berger firm, the

September Order "h[eld] lead-counsel culpable for 90% of sanctions" (Appellant's brief on appeal at 43), is squarely contradicted by the language of that Order, which stated that "Lead Counsel is responsible for 70%, rather than 90%, of the total sanctions previously imposed...." September Order, 120 F.Supp.2d at 272. The court stated expressly that "the 20% reduction in sanctions assessed against Berger & Montague ... is not allocated to Lead Counsel." *Id.* Accordingly, we dismiss for lack of standing so much of the appeal by Schoengold & Sporn as argues that the district court erred in "reduc[ing] the liability of non-lead counsel" (Appellant's brief on appeal at 46).

■■ Assuming that we have jurisdiction over such challenges as Schoengold & Sporn has standing to make, *i.e.,* the alleged errors in the imposition of the $73,634 sanction against the Schoengold firm itself and in the court's refusal to rescind or reduce that amount, we reject its challenges for lack of merit. The district court's decision with respect to the imposition of sanctions pursuant to Rule 11 is reviewable only for abuse of discretion. *See, e.g., Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Gurary v. Winehouse,* 235 F.3d 792, 798 (2d Cir .2000), *petition for cert. filed* (May 29, 2001). We see no abuse of discretion here.

■ The PSLRA required the court to impose sanctions if it found any violation of Rule 11. *See, e.g., Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group. Inc.,* 186 F.3d 157, 166–67 (2d Cir.1999). Rule 11 is violated when it is clear under existing precedents that a pleading has no chance of success and there is no reasonable argument to extend, modify, or reverse the law as it stands. *See, e.g., Gurary v. Winehouse,* 235 F.3d at 798; *Caisse Nationale de Credit Agricole–*

*CNCA v. Valcorp. Inc.*, 28 F.3d 259, 264 (2d Cir.1994); *United States v. International Brotherhood of Teamsters*, 948 F.2d 1338, 1344 (2d Cir.1991); *Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611, 626 (2d Cir.1991). We see no error of law or clear error of fact in the district court's determination that the § 14(e) claim was without factual support and was legally frivolous, and that its assertion violated Rule 11.

For the foregoing reasons, we affirm so much of the district court's August and September Orders as imposed sanctions of $73,634 against Schoengold & Sporn. In all other respects, the appeal is dismissed for lack of appellate jurisdiction.