11-2376-cv
Guckenberger v. Prudential Ins. Co. of Am.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand twelve,

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges*.

_____

CHRISTINE GUCKENBERGER,

                  *Plaintiff-Appellant*,

          -v-                                          11-2376-cv

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

                  *Defendant-Appellee*.

_____

Appearing for Appellant:     Brian M. Hussey, Wantagh, N.Y.

Appearing for Appellee:      Tiffany A. Buxton, Alston & Bird LLP, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **VACATED** in part.

Christine Guckenberger appeals from a judgment of the district court entered on May 13, 2011. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Guckenberger argues on appeal that the district court improperly granted summary judgment in favor of Prudential Insurance Company of America. "Our standard of review for . . . motions for summary judgment is *de novo*." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "On a motion for summary judgment, all factual inferences must be drawn in favor of the non-moving party." *Id.*

We believe that Prudential's evidence, including Jennifer M. Ervin's detailed supplemental affidavit, was sufficient to raise a presumption that proper notice was mailed as required under New York state law. *See* N.Y. Ins. L. § 3211(c). Indeed, Prudential's evidence provided the district court with sufficient basis to conclude that Prudential's "office practice . . . [was] geared so as to ensure the likelihood that a notice of cancellation is always properly addressed and mailed." *Nassau Ins. Co. v. Murray*, 46 N.Y.2d 828, 830 (1978). Because Guckenberger failed to present any evidence to rebut the presumption raised by Prudential, and indeed concedes that she could not have rebutted such a presumption, the district court properly granted summary judgment in favor of Prudential.

Furthermore, we conclude that we have jurisdiction over the claim on appeal that the district court improperly sanctioned Guckenberger's counsel pursuant to Federal Rule of Civil Procedure Rule 11. "Where an award of sanctions runs only against the attorney, the attorney is the party in interest and must appeal in his or her name." *DeLuca v. Long Island Lighting Co., Inc.*, 862 F.2d 427, 429 (2d Cir. 1988). Federal Rule of Appellate Procedure 3, however, makes clear that "[a]n appeal must not be dismissed . . . for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4).

Here, even though the notice of appeal does not specifically list Guckenberger's counsel as a party, counsel's intent to appeal from the district court's order sanctioning counsel is sufficiently clear, given that the notice of appeal specifies that the judgment from which an appeal was taken not only "dismiss[ed] plaintiff's complaint" but also "sanction[ed] plaintiff's counsel in the amount of $500." In this context, we believe that the notice of appeal makes clear that counsel intended to be a party to the appeal because counsel alone was the subject of the court's sanction and Guckenberger would have had no direct personal stake in the outcome of an appeal from the portion of the district court's order sanctioning counsel. *Cf. Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 399 (2d Cir. 1997).

"We review a district court's determination with respect to sanctions under . . . Rule 11 for abuse of discretion." *Gurary v. Winehouse*, 235 F.3d 792, 798 (2d Cir. 2000). We conclude there was no proper basis for sanctioning Guckenberger's counsel. While we believe that Prudential's evidence was sufficient to raise the presumption at issue, we are unable to conclude that counsel's pursuit of Guckenberger's claim—including counsel's argument that Ervin's supplemental affidavit was insufficient to entitle Prudential to summary judgment—warranted the sanction imposed by the district court.

2

Accordingly, the district court's grant of summary judgment in Prudential's favor is AFFIRMED, while the order of the district court sanctioning Guckenberger's counsel is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk