# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand sixteen.

**PRESENT:**
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> > *Circuit Judges.*

―――――――――――――――――――――――――――――――――――

**In the Matter of: Howard G. Gold, Arlene S. Gold,**

> *Debtors.*

―――――――――――――――――――――――――

**Howard G. Gold,**

> *Debtor - Appellant*,

> v.                                          **15-2310**

**William K. Harrington, United States Trustee,**

> *Appellee*.

―――――――――――――――――――――――――――――――――――

**FOR DEBTOR-APPELLANT:**                    Peter L. Ressler, New Haven, CT.

**FOR APPELLEE:**                                    Ramona D. Elliott, Deputy Director/General Counsel; P. Matthew Sutko, Associate General Counsel; Robert J. Schneider, Jr., Trial Attorney, Department of Justice, Executive Office for United States Trustees, Washington, DC; William K. Harrington, United States Trustee for Region 2; Kim L. McCabe, Assistant United States Trustee; Steven E. Mackey, Trial Attorney, Department of Justice, Office of the United States Trustee, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Peter L. Ressler[1] challenges the district court's judgment affirming the bankruptcy court's order awarding him attorney's fees.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a bankruptcy court's award of attorney's fees for abuse of discretion.   *See In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000).   A bankruptcy court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision–though not necessarily the product of a legal error or a clearly erroneous factual finding–cannot be located within the range of permissible decisions."   *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (footnotes omitted).

---

[1] Although the notice of appeal (and therefore the caption) lists Howard G. Gold as the appellant, Ressler was the person aggrieved by the district court's order.  *See* Fed. R. App. P. 3(c).  However, because the Appellee has expressly waived any arguments under Fed. R. App. P. 3(c) and it is clear that Ressler intended to be the party to this appeal, Ressler's appeal will not be dismissed for lack of jurisdiction.  *Cf. Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 399-400 (2d Cir. 1997).

An independent review of the record and relevant authority reveals that the district court properly affirmed the bankruptcy court's order. The record amply supports the district court's conclusions bankruptcy court acted well within its discretion when it determined that Ressler (1) lacked the authority to represent the estate of Arlene Gold after the appointment of a new executor who did not retain Ressler to represent Arlene Gold's estate; and (2) failed to adequately record his time, had a conflict of interest, and violated the court's rules governing compensation requests. *See* 11 U.S.C. § 330(a)(1)(A), (3) (court may award reasonable compensation for an attorney's "actual, necessary services rendered," "taking into account all relevant factors"); *see also id.* § 330(a)(2) (court may award "compensation that is less than the amount of compensation that is requested"). We further note that Appellee alerted this Court that, after briefing in this appeal was completed, Ressler resigned from the Connecticut bar. If the Appellee believes that Ressler's resignation affects his ability to recover fees, it must raise that argument in the bankruptcy court in the first instance.

We have examined the remainder of Ressler's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court for substantially the same reasons as stated in its June 18, 2015 decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk