14-385-cv(L)
*SerVaas v. Mills, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand and sixteen.

Present:
  PETER W. HALL,
  GERARD E. LYNCH,
  DENNY CHIN,
    *Circuit Judges.*

_____

SERVAAS INC.,

    *Plaintiff–Appellee*,

  v.             Nos. 14-385-cv(L)
                       14-438-cv(Con)

TIMOTHY B. MILLS, ESQ., JAMES MAGGS, ESQ., TENNANT D MAGEE, ESQ., MAGGS & MCDERMOTT, LLC, STEPHEN ALBRIGHT,

    *Appellants*,

REPUBLIC OF IRAQ, MINISTRY OF INDUSTRY OF THE REPUBLIC OF IRAQ,

    *Defendants-Appellants.*

_____

1

For Plaintiff-Appellee:                    John Piskora, Loeb & Loeb LLP, New York,
                                           NY; Martin D. McGill and Scott P. Martin,
                                           Gibson Dunn & Crutcher LLP, Washington,
                                           D.C.

For Appellants:                            Arthur Glenn Jakoby and Ross L. Hirsch,
                                           Herrick, Feinstein LLP, New York, NY.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED** and the case is **REMANDED**.

Timothy B. Mills, James Maggs, Tennant D. Magee, Maggs & McDermott LLC, and Stephen Albright (collectively, "attorney-appellants") appeal from a January 24, 2014 contempt order and a February 7, 2014 sanctions order entered in the United States District Court for the Southern District of New York. SerVaas Inc. commenced this action against the Republic of Iraq and the Ministry of Industry of the Republic of Iraq (collectively, "Iraqi defendants") under the New York Uniform Money-Judgments Recognition Act, New York C.P.L.R. § 5301 *et seq*., in order to enforce a 1991 default judgment entered in SerVaas's favor by the Paris Commercial Court. The district court granted summary judgment in favor of SerVaas and, after a flurry of post judgment motions, granted SerVaas's motion to compel the Iraqi defendants to produce discovery responses. After the Iraqi defendants failed to comply with the discovery order, SerVaas moved for an order to show cause why the Iraqi defendants should not be held in contempt. Following a hearing, the district court held the Iraqi defendants and their lawyers— the attorney-appellants—in contempt and imposed on the Iraqi defendants monetary sanctions in the form of per diem fees and on the attorney-appellants an order to pay certain attorneys' fees to the plaintiffs. The Iraqi defendants and the attorney-appellants both appealed.

2

After filing briefs with this court, SerVaas and the Iraqi Defendants settled their dispute and the Iraqi Defendants withdrew their appeal with prejudice; as part of the settlement, SerVaas waived any interest in the monetary sanctions imposed on the attorney-appellants. The attorney-appellants argue both that their appeal was not mooted by the settlement and that the district court abused its discretion when it held them in contempt. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below we vacate both orders and remand the case to the district court.

Before turning to the merits of the appeal, we must first ensure that there is a live controversy over which we have jurisdiction. *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997) ("Article III of the Constitution limits this Court to consideration of appeals involving a live case or controversy."). The attorney-appellants, as nonparties in this case, may appeal the district court's contempt order. *Keach v. Cty. of Schenectady*, 593 F.3d 218, 223 (2d Cir. 2010) ("While, typically, nonparties may not appeal from the judgments of a district court, there is an exception to this general rule where a nonparty, such as an attorney, has been held in contempt or sanctioned by the court." (citation omitted)). The parties' subsequent settlement, however, creates an unusual situation where all of the substantive issues in the underlying lawsuit are rendered moot by the settlement agreement. *See Agee*, 114 F.3d at 399 (recognizing that a parties' appeal is rendered moot by a settlement agreement that disposes of the underlying issues in the appeal).

The attorney-appellants contend that even though the settlement agreement resolves the monetary component of the district court's sanction, they have standing to challenge continuing reputational harm to them arising from the existence of the contempt order. We agree and recognize that the harm to the attorney-appellants' reputation is a cognizable injury such that the

3

attorney-appellants' appeal is not moot. *See Keach*, 593 F.3d at 225 ("[A] finding that an attorney is guilty of specific misconduct is an adverse decision that can be appealed."); *Agee*, 114 F.3d at 399.

Turning to the merits of the contempt sanction, we review the district court's decision to hold the attorney-appellants in contempt under an abuse of discretion standard that is more rigorous than usual. *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016). This includes conducting "a *de novo* review of any rulings of law made by the district court." *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010). Individuals charged with civil contempt are "entitled to notice of the allegations, the right to counsel, and a hearing at which the plaintiff bears the burden of proof and the defendant has an opportunity to present a defense." *Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926, 934–935 (2d Cir. 1992), *abrogated on other grounds by Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343 (2d Cir. 2000).

The attorney-appellants argue that the district court erred by not affording them adequate notice of the contempt charges against them before finding them in contempt. While we express no view as to the substance of the contempt finding, we agree that the notice to the attorney-appellants was insufficient. SerVaas moved for contempt and civil sanctions solely against the Iraqi Defendants. Neither prior to nor during the contempt hearing were the attorney-appellants notified that the district court was contemplating holding them in contempt, particularly so given that the district court reaffirmed that the focus of the proceedings was to determine whether the Iraqi Defendants failed to comply with the discovery order. Only after the attorney-appellants were held in contempt did they realize that they, too, were being charged with contempt. Because this is insufficient notice, the district court exceeded the bounds of its discretion when, under the

4

circumstances, it proceeded to find the attorney-appellants in contempt and to impose contempt sanctions.

On remand, the district court may, if it wishes, reinstitute contempt proceeding against the attorney-appellants. After providing the attorney-appellants adequate notice, and thus an opportunity to present a defense, the court may make such findings and order such relief (including contempt sanctions) as it deems appropriate based on the full record then before it. The attorney-appellants will be able to appeal any adverse decision.

Accordingly, we vacate the January 24, 2014 order holding the attorney-appellants in contempt. In addition, because the attorneys' fees sanctions were premised on the original finding of contempt, we vacate the February 7, 2014 order imposing sanctions on the attorney-appellants. We remand the case to the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk