NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-2152

———————————

DANIEL KING,
                    Appellant

v.

JUDGE CHARLES B. BURR, II, Individually;
RIVER WATCH CONDOMINIUM OWNER'S ASSOCIATION

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-02315)
District Judge: Honorable Michael M. Baylson

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
November 5, 2018

Before: AMBRO, SCIRICA, and RENDELL, Circuit Judges

(Opinion filed: December 10, 2018)

———————————

OPINION[*]

———————————

AMBRO, Circuit Judge

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

This is the second appeal filed in this case. *See King v. Burr et al.*, 728 F. App'x 83 (3d Cir. 2018). Plaintiff Daniel King was the owner of a condominium in the Riverwatch Condominium complex in Delaware County, Pennsylvania. After a dispute concerning Riverwatch's right of access to King's residence to make repairs to the roof, Riverwatch obtained a judgment for approximately $8,500 in a bench trial before Judge Charles Burr in the Court of Common Pleas in June 2010. After King's post-trial motions were denied, he—or more specifically his attorney Thomas Gannon—filed dozens upon dozens of appeals in the Pennsylvania courts, along with an unsuccessful petition for a writ of *certiorari* to the United States Supreme Court. *King v. Riverwatch Condo. Owners' Ass'n*, 138 S.Ct. 520 (2017). In May 2017 King filed this action in federal court against Riverwatch and against Judge Burr, alleging that the latter had acted without jurisdiction and thereby violated King's due process rights and that Riverwatch was seeking to enforce void court orders. The District Court dismissed under the *Rooker-Feldman* doctrine,[1] and we affirmed. *See King*, 728 F. App'x at 86.

On remand, the District Court imposed sanctions against Gannon under 28 U.S.C. § 1927,[2] which states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

---

[1] This doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 414 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), states that a federal District Court should not sit in direct review of a state court decision.

[2] The District Court's award of attorneys' fees to defendants was initially entered against King himself, but on March 20, 2018 it amended its earlier award to be against Gannon instead after defendants clarified that they were only seeking fees against him.

2

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The District Court held that Gannon had multiplied the proceedings "in willful bad faith," such that § 1927 sanctions were appropriate, and awarded attorneys' fees against him in the amount of $3,985.00.

On appeal, King now argues it was improper for the District Court to impose sanctions under § 1927 without giving Gannon notice and an opportunity to be heard, the Court lacked jurisdiction under § 1927 because King's initial lawsuit had been dismissed for want of jurisdiction, the sanctions were wrongly imposed on Gannon for his conduct in state rather than federal court, and the District Court did not adequately find on the record that the amount of the award was proper.

We cannot address the merits of these arguments because we lack jurisdiction to entertain the appeal. Federal Rule of Appellate Procedure 3(c) states that the notice of appeal must "specify the party or parties taking the appeal." In 1988, the Supreme Court held that this is a jurisdictional requirement, and that because failure to name a party in a notice of appeal "constitutes a failure of that party to appeal," it deprives the Court of Appeals of power over that party. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314 (1988). Four years later, we held accordingly that we lack jurisdiction where a district court has imposed sanctions under Federal Rule of Civil Procedure 11 only against a party's lawyer, but the notice of appeal names only the client, not the lawyer, as the appellant. *See Collier v. Marshall, Dennehey, Warner, Coleman & Goggin*, 977 F.3d 93, 95 (3d Cir. 1992). In such a case, the real party in interest on appeal is the lawyer against whom sanctions were imposed and who therefore has something riding on the outcome of

3

the appeal. The lawyer's failure to appeal, by listing only his client as the appellant, thus means there is no live controversy on appeal for us to decide.

That is what happened here: the notice of appeal listed only King as the appellant in the case caption, and in its body text stated that:

> Notice is hereby given that Daniel King, plaintiff, in the above named case hereby appeals to the United States Court of Appeals for the Third Circuit from Judgment entered on March 20, 2018 by Judge Michael B. Baylson, granting the defendant, Riverwatch Condominium Owners' Association attorney fees under 28 U.S.C. § 1927.

Notice of Appeal at 1. This is materially identical to the notice of appeal in *Collier*. *See* 977 F.3d at 94. Our case, in which Gannon has pursued endless appeals to his own client's detriment, underscores the observation in *Collier* that a lawyer's interests and his client's may well diverge in cases involving attorney sanctions. *Id*. at 95.

And while *Collier* concerned sanctions under Rule 11, rather than 28 U.S.C. § 1927, this distinction has no significance. *See CTC Imports and Exports v. Nigerian Petroleum Corp.*, 951 F.3d 573, 576 (3d Cir. 1991) (no jurisdiction as to lawyer sanctioned under § 1927 who filed appeal only in his client's name). *See also Agee v. Paramount Communications, Inc.*, 114 F.3d 395, 399–400 (2d Cir. 1997) (same).

Accordingly, the appeal is dismissed.