**NOT RECOMMENDED FOR PUBLICATION**
File Name: 10a0023n.06

No. 04-2213

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **Jan 13, 2010** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Keith Delshon Adams, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:     Merritt, Gibbons, and Rogers, Circuit Judges.

**MERRITT, Circuit Judge.**  The defendant, Keith Adams, has filed a notice of appeal dated September 23, 2004, solely from a judgment entered on his conviction and sentence after a jury trial. (See document #43 of the Record on Appeal.)  The docket sheet contains no notice of appeal from any other order.  His appeal presents only an ineffective assistance of counsel claim as to the performance of counsel at trial.  As we explain below, the record is incomplete on this claim and we have no basis on this record to find ineffective assistance of counsel.  Finding no error on the current record, we affirm the conviction and judgment entered by the district court on September 16, 2004. We make no ruling regarding the merits of Adams' ineffective assistance of counsel claims.

A jury found Adams guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and he was sentenced to 77 months imprisonment.  Despite filing a timely notice of appeal shortly after his conviction in 2004, his appeal was dismissed for want of prosecution in

2005 and 2007. On both occasions his appeal was reinstated. On February 7, 2006, defendant filed

a *pro se* motion in the district court to vacate his sentence pursuant to 28 U.S.C. § 2255 based on

ineffective assistance of counsel. The district court denied the motion as to defendant's trial counsel

and declined to review the issue of ineffective assistance of appellate counsel because defendant's

appellate counsel was representing him on appeal at that time.[1] *United States v. Adams*, No. 03-cr-

80615 (E.D. Mich. Apr. 30, 2007). A review of the docket sheets in both the criminal and civil cases

below does not indicate that an appeal has been taken from the denial of the Section 2255 motion

on April 30, 2007. Therefore, pursuant to Fed. R. App. P. 3,[2] we have no jurisdiction to review the

denial of the Section 2255 Motion to Vacate and may only review the appeal from the September

16, 2004, judgment.

We must always consider our jurisdiction first and may not hear a cause over which we have

no jurisdiction. *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83 (1998). Federal

---

[1]Barring "extraordinary circumstances," motions attacking the constitutionality of a sentence filed pursuant to 28 U.S.C. § 2255 are generally dismissed by the district court if the direct appeal is not final. In this case, a timely notice of appeal had been made, but the appeal had been dismissed for want of prosecution. The district court noted that a motion to reinstate the appeal had been filed but not yet ruled upon by this Court. Memorandum Opinion and Order Denying Motion to Vacate, No. 06-cv-10518, No. 03-cr-80615 (E.D. Mich. filed Apr. 30, 2007) (found in the ROA, Vol. 1, p. 152). The district court made no mention of any "extraordinary circumstances" that would warrant rendering a judgment on a Section 2255 motion while the direct appeal was still pending.

[2]Rule 3. Appeal as of Right--How Taken

(a) Filing the Notice of Appeal.
(1) An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4.

. . .

Appellate Rule 3 is jurisdictional and it may not be waived by the Court. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988); *Smith v. Barry,* 502 U.S. 244, 248 (1992) ("Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review.") (citing *Torres,* 487 U.S. at 316-17). *Cf. Dillon v. United States*, 184 F.3d 556 (6th Cir. 1999) (en banc) (although Rule 3 is jurisdictional in nature, mere errors in form will not always preclude jurisdiction). The Court in *Torres* cautioned, "although a court may construe the Rules liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown' under Rule 2, if it finds that they have not been met." *Torres,* 487 U.S. at 317.

"[L]itigants are charged with the responsibility for complying with the Federal Rules of Appellate Procedure," *Maerki v. Wilson*, 128 F.3d 1005, 1008 (6th Cir. 1997), and we cannot excuse noncompliance. *Torres*, 487 U.S. at 317. "Rather plainly, certain rules are deemed sufficiently critical in avoiding inconsistency, vagueness and an unnecessary multiplication of litigation to warrant strict obedience even though application of the rules may have harsh results in certain circumstances." *Minority Employees v. Tennessee Dep't of Employment Sec.,* 901 F.2d 1327, 1329 (6th Cir. 1990) (en banc). Because the notice of appeal at issue in this case was filed in September 2004, two and one-half years before the district court ruled on the Section 2255 Motion, and the notice of appeal states only that it is from the judgment rendered on September 16, 2004, after the jury trial, we do not have jurisdiction to consider any other issues, including any arising from the Denial of the Motion to Vacate under 2255.

Briefly, the crux of Adams' complaint against his counsel is directed at his pretrial counsel, Daniel Reid. Reid first represented Adams in a civil forfeiture case where he filed a complaint for return of property that was taken from Adams' girlfriend's home during a search. The complaint had an affidavit attached to it purporting to be signed by Adams and claiming that the property taken from his girlfriend's house belonged to him. The property sought to be returned included guns and ammunition. However, Adams, a convicted felon, is not permitted to own guns or ammunition. The conviction in this case came about as a direct result of the affidavit attached to the complaint filed by Reid in the civil forfeiture case. After Adams was charged, Reid continued to represent him in the criminal case as well, but withdrew and substituted David Burgess as counsel before trial. Reid testified at trial on behalf of Adams, stating that the affidavit attached to the civil complaint was not signed by Adams and that some unknown person in his office had signed the affidavit.

To the extent the appeal can be construed as raising allegations of ineffective assistance of counsel at trial, these claims are not generally cognizable on direct appeal unless the record demonstrates ineffective assistance of counsel on its face. *United States v. Castro,* 908 F.2d 85, 89 (6th Cir.1990); *United States v. Hill,* 688 F.2d 18, 21-22 (6th Cir. 1982). Adams' brief says very little about the performance of his trial counsel, David Burgess, and his attack instead focuses on his pretrial counsel, Reid. It is not clear whether an attack against Reid is even cognizable, as Reid withdrew as trial counsel and Burgess was substituted before trial.[3] The record against Burgess is

---

[3]It would appear that Adams' claims against Reid concerning the filing of the affidavit in the forfeiture action are more in the nature of a civil malpractice suit and not an ineffective assistance of counsel claim under the Sixth Amendment arising out of representation in a criminal case.

not sufficiently developed to permit us to review the claims. *United States v. Jones,* 489 F.3d 243, 255 (6th Cir. 2007).

On appeal, Adams points to seven acts or omissions as the basis for his ineffective assistance of counsel claim: (1) Reid failed to supervise his staff or review the complaint and affidavit before they were filed in the state forfeiture action and, as a result, submitted an incriminating affidavit purportedly signed by Adams (Adams' Br. 12); (2) Reid then failed to correct this error by submitting an affidavit signed by Adams that disavowed any claim to the guns (Adams' Br. 13); (3) Reid represented Adams at the outset of the federal criminal proceedings despite a conflict of interest (Adams' Br. 14); (4) while representing Adams during the federal criminal proceedings, Reid filed two incomplete pre-trial motions (Adams' Br. 14); (5) Reid became the key government witness against Adams at trial (Adams' Br. 12); (6) neither Reid nor Burgess retained a handwriting expert to testify that Adams had not signed the incriminating affidavit (Adams' Br. 15); (7) Burgess did not request an adjournment to prepare for trial after he took over from Reid as Adams' counsel (Adams' Br. 16).

Adams' ineffective assistance of counsel claim rests largely on Reid's acts and omissions while representing Adams in the state forfeiture action. But Adams cannot challenge his federal criminal conviction on the basis of Reid's allegedly ineffective assistance while representing Adams in that earlier state civil litigation. "[T]he right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated." *United States v. Cronic*, 466 U.S. 648, 658

(1984). Adams has not alleged that Reid's acts or omissions in the state forfeiture action affected the fairness or reliability of the federal criminal trial. Adams had the opportunity to, and did, assert Reid's faulty representation during the state forfeiture action as a defense to the federal criminal charge. Although Adams could have argued on the instant direct appeal that the evidence was insufficient to sustain his conviction in light of Reid's testimony, Adams has not raised that issue.

Reid's act of testifying during Adams' criminal trial also cannot provide the basis for an ineffective assistance of counsel claim. Reid resigned as Adams' counsel before the case went to trial; thus, Reid no longer represented Adams when Reid took the witness stand. Moreover, as the Government's brief points out (Gov't's Br. 7), Reid was not called as a witness by the Government but rather testified as Adams' sole witness during the defense case-in-chief.

With respect to the remaining acts and omissions, although they arguably involve Reid's representation of Adams in the federal criminal proceedings, the record on direct appeal is not sufficiently developed for this court to assess these factual bases for the ineffective assistance of counsel claim. *See United States v. Goodlett*, 3 F.3d 976, 980 (6th Cir. 1993).

Accordingly, the judgment of the District Court of September 16, 2004, is affirmed.